**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 1:25-mj-00276** |
| **BRIAN J. COLE, JR.** | |
| **Defendant.** | |

## MOTION TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT
## FROM ARREST DATE THROUGH RESCHEDULED DETENTION HEARING

The United States respectfully moves the Court to exclude time under the Speedy Trial Act from the date of defendant Brian J. Cole, Jr.'s arrest on December 4, 2025, through the date of the detention hearing, which the defense has requested to continue.[1]

On December 5, 2025, the defendant was presented on a criminal complaint following his federal arrest; the Court ordered the defendant to be detained pending a detention hearing. The Court scheduled a detention hearing for December 15, 2025. On December 8, 2025, the Court contacted the parties via email to determine whether both sides intended to proceed with the December 15 detention hearing.

In response to the Court's inquiry, the government conferred with defense counsel. Defense counsel has requested that the government represent the following to the Court in this motion: The defense requests that the Court continue the detention hearing in this case currently set for December 15, 2025, to allow the defense additional time to review the significant amount of discovery provided

---

[1] For administrative efficiency, the government is submitting a single motion reflecting the relief sought by both parties.

1

by the government to date.   The defense consents to the exclusion of time under the Speedy Trial

Act from December 4, 2025, through the date of the rescheduled detention hearing.

The government does not oppose a defense continuance of the detention hearing.   The

parties jointly request that the detention hearing be reset for December 30, 2025.

Under 18 U.S.C. § 3161(b), an indictment must be filed within 30 days from the date of

arrest—here, January 4, 2025.    However, that period can be continued under 18 U.S.C.

§ 3161(h)(7)(A) if the Court finds that the "ends of justice served by taking such action outweigh the

best interest of the public and the defendant in a speedy trial."   Such an ends-of-justice continuance

is excludable under the Speedy Trial Act if the Court sets forth its reasons for the continuance orally

or in writing.   *Id.*   One factor in whether an end-of-justice continuance is warranted is whether the

"failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable

time necessary for effective preparation, taking into account the exercise of due diligence."   18

U.S.C. § 3161(h)(7)(B)(iv).   Here, as stated, the requested continuance of the indictment deadline

and exclusion of time will allow the defense reasonable time to review voluminous initial discovery

and have a meaningful opportunity to prepare for the detention hearing, which the defense is seeking

to continue for the same reasons.

For these reasons, the government requests that the time between the defendant's arrest on December 4, 2025, and the date of the rescheduled detention hearing be excluded under the Speedy Trial Act.

Respectfully Submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ Charles R. Jones*
Charles R. Jones (DC Bar No. 1035541)
Assistant United States Attorney
National Security Section
United States Attorney's Office
601 D Street NW
Washington, DC 20530
(202) 252-6976
Charles.Jones3@usdoj.gov

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>  v.<br><br> **BRIAN J. COLE, JR.**<br><br>  **Defendant.** | **Case No. 1:25-mj-00276** |

## [PROPOSED] ORDER

Upon the government's motion to exclude time under the Speedy Trial Act from December 4, 2025 through the date of the rescheduled detention hearing, and the defense's consent to the relief requested in the motion, the Court finds that the ends of justice served by taking that action outweigh the best interest of the public and the defendant in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). Having considered all relevant factors, the Court finds that the requested continuance is warranted because the "failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

IT IS THEREFORE ORDERED that the time under the Speedy Trial Act shall be excluded from December 4, 2025 through the date of the rescheduled detention hearing.

1

IT IS FURTHER ORDERED that, upon the defendant's request and without objection from the government, the detention hearing set for December 15, 2025, shall be reset for December 30, 2025, at 1:30 p.m.

Date: _____

JUDGE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

2