IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,           )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )
                                     )   Case No. 1:25-mj-00276
                                     )
BRIAN COLE, JR.,                     )
                                     )
    Defendant.                       )
                                     )

**DEFENDANT BRIAN COLE JR'S MOTION
TO CONFIRM PRELIMINARY HEARING DATE**

Defendant Brian Cole, Jr., through undersigned counsel, respectfully moves the Court to (1) confirm that the hearing already set for Tuesday, December 30, 2025 will proceed as both the Rule 5.1 preliminary hearing and the detention hearing; and (2) enforce the statutory timeline and remedy provided by 18 U.S.C. § 3060, in the event the government objects to a preliminary hearing on that date. Mr. Cole has not waived his right to a preliminary hearing and does not consent to any adjournment past Tuesday, December 30. In support of this motion, Mr. Cole states as follows:

1.    The parties previously set December 30, 2025 as the date for the detention hearing. The defense did not waive the right to a preliminary hearing. To the contrary, it has consistently expected it to proceed on December 30.

2.    On December 28, 2025, when pressed on the question of proceeding with the preliminary hearing on December 30, the government asked to push the preliminary hearing to either January 7 or 8. That request comes too late and does not meet Rule 5.1(d)'s rigorous standard. The Court should confirm that December

1

30 is the preliminary hearing *and* detention hearing and direct the government to be prepared to present its evidence in support of probable cause.

3. Federal Rule of Criminal Procedure 5.1 and 18 U.S.C. § 3060 work in tandem to ensure that a defendant arrested on a complaint receives a prompt probable-cause determination. For an in-custody defendant, the preliminary hearing must be set "no later than 14 days after the initial appearance," Fed. R. Crim. P. 5.1(c), and may be extended without the defendant's consent only upon a showing of "extraordinary circumstances" and that "justice requires the delay," Fed. R. Crim. P. 5.1(d). Section 3060(d) supplies the remedy if the deadline is missed: discharge from custody.

4. In its email to defense counsel, the government has identified no extraordinary circumstances; rather, the reasons referenced are ordinary scheduling matters and the possibility of a forthcoming indictment. Rule 5 "does not allow the [preliminary] hearing date" to be extended merely "to accommodate the pace of the grand jury investigation." *United States v. Gurary*, 793 F.2d 468, 472 (2d Cir. 1986). And where the defendant does not consent—as he does not here—Rule 5.1(d) imposes "far more rigorous criteria" than the Speedy Trial Act's ends-of-justice standard. *Id.* at 473; s*ee also United States v. Fortenberry*, 2014 WL 6969615, at *2 (D. Nev. Dec. 9, 2014) ("Rule 5.1 does not permit continuance solely to enable the government to avoid a preliminary hearing by securing an indictment.") (citation omitted).

5. The statutory framework is equally clear. Sections 3060(b)–(c) codify the time limits for the preliminary hearing. If an arrested person is not accorded the

preliminary hearing within the period fixed in compliance with those subsections, he "shall be discharged from custody or from the requirement of bail or any other condition of release," without prejudice to further proceedings; subsection (e) provides the exception when an indictment has been returned. 18 U.S.C. § 3060(d), (e).

6. Courts enforce that mandate. *See United States v. Vaughn*, 492 F. Supp. 3d 336, 343–44 (D.N.J. 2020) ("[A] defendant's remedy for an improperly delayed preliminary examination is discharge from custody or the requirement of bond under 18 U.S.C. § 3060(d).") (quoting *United States v. Milano*, 443 F.2d 1022, 1024-25 (10th Cir. 1971)); *United States v. Vaughn*, No. CR 20-782, 2020 WL 5902614, at \*2 (D.N.J. Oct. 5, 2020) ("I can conceive of no effective sanction short of granting the remedy provided for in 18 U.S.C. § 3060(d): dismissal of the Indictment without prejudice to further criminal proceedings, and vacating the order of detention to the extent it is based on the criminal charges in this case.") (cleaned up).

7. To be clear, Mr. Cole—through counsel—consented to an extension until Tuesday, December 30. But he has not consented to any further delay. As a result, December 30 is the proper, timely date for the preliminary hearing under Rule 5.1(c). The government's desire to accommodate ordinary scheduling or the pace of a grand jury is not a lawful basis to continue the hearing for which it has had more than three weeks to prepare.

8. The Court should therefore confirm that the December 30 setting will proceed as the Rule 5.1 preliminary hearing and enter an order that the government

3

must be prepared to present evidence establishing probable cause, and, for reasons of efficiency and fairness, that the detention hearing be heard the same day.

9.      The government already has indicated it will seek detention and invoke a rebuttable presumption; coordinating the detention determination with the preliminary probable-cause determination avoids serial litigation, conserves judicial resources, and protects Mr. Cole's statutory rights.

10.     Consistent with Rule 5.1(d), the Court should further make clear that no continuance beyond December 30 will be granted—especially absent any motion by the government.

11.     If the preliminary hearing is not held within the period fixed (*i.e.*, December 30, as scheduled) in compliance with Rule 5.1(c) and 18 U.S.C. § 3060(b)–(c), and absent the § 3060(e) indictment exception, the Court should order Mr. Cole's immediate discharge from custody or from the requirement of bail or any other condition of release under § 3060(d).

## CONCLUSION

Defendant Cole respectfully moves the Court (i) to grant this motion in full, (ii) to confirm that December 30, 2025 will proceed as both the preliminary hearing and detention hearing, (iii) to direct the government to be prepared to present evidence, (iv) to deny any further continuance absent the strict Rule 5.1(d) showing, which the government cannot make here; and, (v) if the preliminary hearing is not timely held and no indictment has intervened, to order Mr. Cole's immediate discharge from custody pursuant to 18 U.S.C. § 3060(d).

4

Date:  December 29, 2025          Respectfully submitted,


*/s/ John M. Shoreman*
John M. Shoreman (D.C. Bar No. 402262)
McFadden & Shoreman
HDR LLC
3480 Peachtree Road, NE, 2nd Floor
Atlanta, GA 30326
(571) 296-8450
Jms@mcfaddenshoreman.com

Mario Bernard Williams (*Pro Hac Vice Pending)*
Human Dignity and Rights LLC
3480 Peachtree Road, NE, 2nd Floor
Atlanta, GA 30326
(470)257-2485
mwilliams@hdrattorneys.com


Alex Little (*Pro Hac Vice Pending*)
Zack C. Lawson (*Pro hac Vice Pending*)
John R. Glover (*Pro hac vice Pending)*
Litson PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co
zack@litson.co
jr@litson.co
*Attorneys for Brian Cole Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2025, a true and correct copy of the foregoing has been served via the Court's CM/ECF system upon all counsel of record.

*/s/ John M. Shoreman*

6