**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 1:26-cr-00001-AHA** |
| | : | |
| **BRIAN J. COLE, JR.,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION**

The government respectfully opposes defendant Brian J. Cole Jr.'s emergency motion asking this Court to set aside Magistrate Judge Sharbaugh's January 2, 2026, order accepting the indictment returned in this case, and to immediately release the defendant. *See* ECF No. 33 (Def.'s Em. Mot.). On December 29, 2025, pursuant to D.C. Code § 11-1916(a), the indictment was returned to the United States District Court for the District of Columbia by a grand jury empaneled by the Superior Court of the District of Columbia, as no grand juries empaneled by the federal court were or would be scheduled to sit between December 19, 2025, and January 6, 2026. *See* ECF No. 31 (Indictment) at 1 n.1.[1]

The defendant asks this Court to set aside Judge Sharbaugh's January 2, 2026, orders accepting the indictment and detaining the defendant pending trial because, the defendant claims, Judge Sharbaugh improperly "conditionally accept[ed]" the indictment. *See, e.g.*, Def.'s Em. Mot. at 1. That is wrong. Judge Sharbaugh applied settled law to conclude that the indictment

---

[1] The indictment charges the defendant with violations of 18 U.S.C. §§ 844(d) (interstate transportation of explosives) and 844(i) (malicious attempt to use explosives). The charges arise from the defendant's manufacturing, transporting, and planting of two pipe bombs in the immediate vicinity of the headquarters of the Republican and Democratic National Committees in downtown Washington, D.C. on January 5, 2021. The circumstances surrounding the unavailability of federal grand juries and the government's use of the Superior Court grand jury in this case are discussed in the government's Memorandum in Support of the Court's Inherent Authority to Accept Grand Jury Indictment Return. ECF No. 29-1.

was valid, he properly and unequivocally accepted it, and he correctly determined that there was

no basis to stay the case from proceeding on the accepted indictment under the circumstances.

These rulings are correct, and this Court should deny the defendant's emergency motion to set

them aside.

## I.    The Challenged Orders Declaring the Indictment Valid, Accepting the Indictment, and Detaining the Defendant

Judge Sharbaugh did not, as the defendant claims, "conditionally accept" the indictment.

*See* Def.'s Em. Mot. at 1, 3.  Rather, he applied settled law—*i.e.*, clear statutory authority upheld

by the D.C. Circuit[2] as well as Chief Judge Boasberg's recent reaffirmance of that authority in a

separate case, *United States v. Stewart*, D.D.C. Case No. 25-mj-225—to find the indictment

legally valid and accept it.  Min. Order (Jan. 2, 2026).  Judge Sharbaugh also considered whether

Chief Judge Boasberg's discretionary stay of the *Stewart* case pending appeal should apply to

this case.   Judge Sharbaugh concluded that the stay in *Stewart* did not apply because the

government here was not proceeding "in similar fashion" to *Stewart*—in particular because the

government obtained the indictment in this case during a time of federal grand jury unavailability

and committed to promptly pursue a superseding indictment from a federal grand jury panel

when those panels reconvene, and thus was not "us[ing] the Superior Court grand jury as an

ultimate end-run around a federal grand jury empaneled by this Court."  *Id.*  Judge Sharbaugh

scheduled a hearing for January 9, 2026, to address this matter.  *Id.*

---

[2] D.C. Code § 11-1916(a) states: "A grand jury serving in the District of Columbia may take cognizance of all matters brought before it regardless of whether an indictment is returnable in the Federal or District of Columbia courts."  *See United States v. Seals*, 130 F.3d 451, 458-60 (D.C. Cir. 1997) (rejecting constitutional challenge to D.C. Code § 11-1916(a)); *see also id.* at 453 (describing, without questioning, district court's holding that Congress "validly authorized the D.C. Superior Court . . . to supervise a grand jury that can indict for both D.C. and federal offenses").

Judge Sharbaugh also did not, as the defendant claims, rely on a purportedly "conditional acceptance" of the indictment to keep the defendant "detained beyond the time permitted under federal law."  Def.'s Em. Mot. at 1.  On January 2, 2026, Judge Sharbaugh issued a thorough, 19-page memorandum opinion and order that analyzed the record and arguments made by the parties in writing as well as during a lengthy detention hearing held on December 30, 2025, and concluded that preventive detention was necessary.  *See generally* ECF No. 28 (Mem. Op. and Order).  In that opinion, Judge Sharbaugh acknowledged that he had "deferred a decision on whether to accept th[e] indictment and requested briefing on the issue."  *Id.* at 5 n.2.  Later the same day, Judge Sharbaugh issued a separate order expressly accepting the indictment and explaining the legal basis for doing so.  Min. Order (Jan. 2, 2026).

## II.    The Magistrate Judge Correctly Determined that the Indictment is Valid, Appropriately Accepted the Indictment, and Properly Detained the Defendant Pending Trial

The fundamental premise of the defendant's argument in support of emergency relief— that Judge Sharbaugh improperly "conditionally accepted" the indictment—is incorrect.  The defendant conflates Judge Sharbaugh's unconditional ruling on the legal merits that the indictment is valid with his discretionary determination that the stay issued in *Stewart* did not stop this case from proceeding on the accepted indictment.  Having accepted a validly returned indictment, Judge Sharbaugh's decision to detain the defendant pending trial complied with Federal Rule of Criminal Procedure 5.1 and 18 U.S.C. § 3060.  These rulings are well supported by the law and the record in this case.

As to the merits, Judge Sharbaugh made clear that his decision to accept the indictment was based on the statutory authority conferred by D.C. Code § 11-1916(a) as well as Chief Judge Boasberg's recent decision on review upholding "the legality of this approach based on that D.C.

Code provision." Min. Order (Jan. 2, 2026) (citing *United States v. Stewart*, 2025 WL 3237833 (Boasberg, C.J.) (Nov. 20, 2025). In *Stewart*, after multiple rounds of briefing and argument, Chief Judge Boasberg issued a 15-page memorandum opinion upholding the government's use of the authority conferred by D.C. Code § 11-1916(a) and rejecting the position advanced by the defendant in *Stewart* (and by the defendant in this case). D.D.C. Case No. 25-mj-225, ECF No. 38 (Mem. Op.). Chief Judge Boasberg reasoned, in summary, that the statutory language in D.C. Code § 11-1916(a) is clear, that the D.C. Circuit had previously upheld the provision against constitutional attack in *United States v. Seals*, 130 F.3d 451 (D.C. Cir. 1997) in a manner indicating approval of the authority conferred by the statute, that other decisions in this district demonstrated a "unanimity across courts" that "bolster[ed]" the conclusion that the government's use of the statute was proper, and that arguments that other authorities, including the non-substantive 2002 amendments to Federal Rule of Criminal Procedure 6, should be interpreted to have later effectively nullified or amended the statute were unpersuasive. *Id.* at 7–15.

Judge Sharbaugh's express reliance on Chief Judge Boasberg's recent opinion in *Stewart*—which addressed the same legal issue on review of a magistrate's order and did so with the benefit of extensive briefing and argument—was eminently appropriate under the circumstances. The defendant's claims that Judge Sharbaugh "avoid[ed] any legal analysis of the dispositive issue" and failed to resolve or even to address the merits, *see* Def.'s Em. Mot. at 2, are unsupported. And his suggestion that Judge Sharbaugh bent the rules to deliver a "court-created stopgap measure" and "throw[] the government a life raft," *id.* at 3, is unavailing. There is no basis to disturb Judge Sharbaugh's decision that the indictment in this case is valid.[3]

---

[3] The defendant complains that Judge Sharbaugh's order did not specifically address the reasons why, in the defendant's view, Chief Judge Boasberg's opinion in *Stewart* was wrongly decided. Def.'s Em. Mot. at 4. But his points are simply corollaries of the arguments that Chief Judge Boasberg considered and rejected—principally, that the 2002 amendments to the Federal

As to the stay issue, Judge Sharbaugh appropriately distinguished this case from *Stewart* because the government here is not proceeding "in similar fashion" to *Stewart*, which is operative language that Chief Judge Boasberg used in his stay order. *See* D.D.C. No. 25-mj-225, ECF No. 45 (Order) at 2. Because the government in this case obtained the indictment during a time of federal grand jury unavailability and would be promptly presenting the case to a federal grand jury upon its return, the stay in *Stewart* did not preclude this case from proceeding, however briefly, on an indictment that Judge Sharbaugh had already determined, based on settled law, to be valid. Min. Order (Jan. 2, 2026); *see Stewart*, D.D.C. No. 25-mj-225, ECF No. 45 (Order) at 1–2 (stay order emphasizing harm to defendant "if his prosecution moves forward on an indictment ultimately held invalid"). There is no basis for the defendant's claim that Judge Sharbaugh's "understanding" that the government would proceed in a certain manner (a fact relevant to his consideration of the propriety of the stay) somehow means that his ruling was not "actually" an acceptance of the indictment. *See* Def.'s Em. Mot. at 3. The "understanding" or "condition" that Judge Sharbaugh invoked—*i.e.*, that the government would promptly present the case to a federal grand jury panel when it reconvened—was the basis on which he concluded that it would be improper to interpret *Stewart* to stay this case from proceeding on a valid and accepted indictment. There is no reason to disturb Judge Sharbaugh's ruling that the stay in

---

Rules of Criminal Procedure, which were substantively unrelated and intended to be "stylistic," somehow "supersede" D.C. Code § 11-1916(a). *See* ECF No. 26 (Def.'s Resp. in Opp'n) at 14–16 (defendant contending that "same tools of statutory construction" that apply to statutes should be applied to Federal Rules of Criminal Procedure, that Rules Enabling Act supports argument that Federal Rules "prevail" over D.C. Code, and that there are jurisdictional and practical problems with interpreting D.C. Code § 11-1916(a) as Chief Judge Boasberg did). Chief Judge Boasberg addressed in detail the argument that the Federal Rules should prevail over the D.C. Code, as well as arguments that the jurisdictional arrangement reflected in D.C. Code § 11-1916(a) was improper and raised practical concerns. *See Stewart*, D.D.C. Case No. 25-mj-225, ECF No. 38 (Mem. Op.); *see also Seals*, 130 F.3d at 455–61 (addressing jurisdictional and practical considerations in context of constitutional challenge to D.C. Code § 11-1916(a)).

*Stewart* did not apply to this case and that, therefore, the case can proceed on the accepted indictment before it is presented to a federal grand jury panel.[4]

At bottom, the defendant asks this Court to set aside Judge Sharbaugh's orders accepting the indictment and detaining the defendant pending trial on the premise that Judge Sharbaugh only "conditionally accepted" the indictment. Because that premise is wrong, and because Judge Sharbaugh's rulings are legally and factually correct, the Court should deny the defendant's motion.[5]

---

[4] In its briefing concerning the stay issue, the government analogized this case to another matter in which Chief Judge Boasberg recently determined that the stay in *Stewart* did not prevent the case from proceeding for a brief period before it was presented to a federal grand jury panel when those panels reconvene. *See* ECF No. 29-1 at 6–7 (redacted with judicial authorization). The government submitted its argument concerning the other matter, which is sealed, *ex parte* in a sealed filing provided to the Court on December 29, 2025. The government obtained an order to unseal the hearing referenced in the pleading for the limited purpose of obtaining an expedited transcript of the proceeding. The government received that transcript on January 5, 2026.

[5] As a final matter, the government notes that the defendant expressly consented to an extension of time to December 30, 2025, under Rule 5.1(d) and 18 U.S.C. § 3060(c). *See, e.g.*, ECF No. 21 (Def.'s Mot. to Clarify) at 3. The parties disagree as to whether that consent extended beyond December 30. Regardless, on December 30, Judge Sharbaugh expressly found under Rule 5.1(d) and 18 U.S.C. § 3060(c) that extraordinary circumstances justified further delay of a preliminary hearing to allow the Court time to consider and resolve the validity of the indictment. Those circumstances apply equally to the defendant's request for review of Judge Sharbaugh's decision. Moreover, the relief sought by the defendant in his emergency motion, immediate release under § 3060(d), is not available where, prior to a preliminary hearing, "an indictment is returned." 18 U.S.C. § 3060(e). The indictment in this case was returned on December 29, 2025, before a preliminary hearing, thus satisfying the statute. The indictment was then received on January 2, 2026. *See* D.D.C. Local Cr. Rule 57.17(a)(5) (magistrate judge's general duties include to "[r]eceive indictments returned by the grand jury").

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    */s/ Charles R. Jones*
       CHARLES R. JONES (D.C. Bar No. 1035541)
       JOCELYN BALLANTINE (CA Bar No. 208267)
       Assistant United States Attorneys
       National Security Section
       601 D Street, NW
       Washington, D.C. 20530
       Tel: (202) 252-6976
       Charles.Jones3@usdoj.gov
       Tel: (202) 252-7252
       Jocelyn.Ballantine2@usdoj.gov