UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN J. COLE, JR.,<br><br>*Defendant*. | Criminal Action No. 26-00001 (AHA) |

### Order

Defendant Brian J. Cole, Jr. has been charged with interstate transportation of explosives, in violation of 18 U.S.C. § 844(d), and malicious attempt to use explosives, in violation of 18 U.S.C. § 844(i). ECF No. 39. Cole, who has been held in custody since his arrest, previously argued he must be released from custody because the government failed to show his release would pose a risk to community safety and because the court did not timely hold a preliminary hearing following his initial appearance. *See* ECF No. 23; ECF No. 26. A magistrate judge rejected both arguments, and Cole now moves for review of the second one. *See* ECF No. 28; Minute Order (Jan. 2, 2026); ECF No. 33. The court disagrees with Cole; he is not entitled to release based on the lack of a preliminary hearing.

The law requires a court to hold a preliminary hearing for a defendant in custody no later than 14 days after the defendant's initial appearance, unless (1) the defendant waives the hearing, (2) the defendant agrees to continue the hearing to a later date, or (3) the court finds "extraordinary circumstances exist and justice requires" delaying the hearing. *See* 18 U.S.C. § 3060(b), (c); Fed. R. Crim. P. 5.1 (a), (c), (d). If a court simply fails to hold a preliminary hearing within 14 days without waiver, an agreed continuance, or making the appropriate finding, then the defendant has

to be released without prejudice to instituting further criminal proceedings. 18 U.S.C. § 3060(d). Where a court has fixed a preliminary hearing date (within the 14-day period or pursuant to an appropriate continuance or warranted delay) but the government returns an indictment before that hearing happens, the hearing is obviated and no discharge is appropriate based on the lack of a hearing. *Id*. § 3060(e); *see also* Fed. R. Crim. P. 5.1(a) (recognizing exceptions to the preliminary hearing requirement, including where the defendant waives the hearing or is indicted).

Cole's initial appearance was on December 5, 2025, and therefore, absent an exception, he was entitled to a preliminary hearing by December 19. As Cole appears to acknowledge, however, he waived—or, at a minimum, agreed to continue the hearing to a date past—that deadline. At Cole's initial appearance, the magistrate judge informed him of his right to a preliminary hearing and instructed: "if you wish to invoke your right to a preliminary hearing, please let your attorney know." Hr'g Recording at 1:08:25–1:08:45 (Dec. 5, 2025). The parties asked the magistrate judge to set a detention hearing for December 15, and neither party asked to set a preliminary hearing. *Id.* at 1:10:00–1:10:41. Cole later asked the magistrate judge to continue the detention hearing, and the parties jointly proposed December 30. ECF No. 9 at 1–2. The continuance motion, again, did not mention any preliminary hearing. Cole concedes that, on this record, he was not entitled to a preliminary hearing within 14 days—in other words, he concedes that he waived, or at least agreed to continue any preliminary hearing beyond, the presumptive statutory deadline. *See* ECF No. 21 at 3; ECF No. 26 at 4; ECF No. 41 at 3.

Cole instead argues he must be released from custody because the magistrate judge did not hold a preliminary hearing by December 30, 2025—the date he and the government had proposed for a detention hearing. ECF No. 33; ECF No. 41 at 3. That is unpersuasive. First, the magistrate judge did not hold a preliminary hearing by December 30 because of defense counsels' own

2

litigation conduct. As described, Cole admits he agreed to at least a continuance of a preliminary hearing. Despite requesting a detention hearing and later asking to continue it to December 30, Cole did not seek a preliminary hearing in either request. Only two days before the detention hearing did Cole first mention a preliminary hearing, asserting to the magistrate judge that he "has not waived his right to a preliminary hearing." ECF No. 21 at 1. While counsel framed this as an effort to "confirm that the hearing already set for Tuesday, December 30, 2025 will proceed as both the Rule 5.1 preliminary hearing and the detention hearing" and stated that Cole "consistently expected it to proceed on December 30," *id*, the fact is that counsel forwent the statutory 14-day deadline for a preliminary hearing and did so without ever setting any fixed date for the hearing. On this record, Cole likely waived his right to a preliminary hearing. *See* 18 U.S.C. § 3060(b) (providing no preliminary hearing is required where "the arrested person waives" it); Fed. R. Crim. P. 5.1(a)(1) (same).

      Second, even assuming Cole properly asserted his right to a preliminary hearing by first raising it 23 days after his initial appearance and in a last-minute request to convert the detention hearing into both a detention hearing and a preliminary hearing, he is not entitled to release because, at the December 30 hearing, the magistrate judge made the requisite finding that extraordinary circumstances and justice justified delaying the hearing. *See* 18 U.S.C. § 3060(c). After Cole told the government of his desire to have a preliminary hearing, the government secured an indictment from a D.C. Superior Court grand jury before December 30. *See* Minute Order (Dec. 30, 2025). Cole then challenged the efficacy of that indictment because it was returned by a D.C. Superior Court grand jury, rather than a grand jury of this court. Given the circumstances, the magistrate judge found extraordinary circumstances and justice warranted continuing any preliminary hearing pending resolution of Cole's arguments about the efficacy of the D.C. Superior

Court indictment. Draft Hr'g Tr. at 7 (Dec. 30, 2025). Insofar as Cole continues to dispute the efficacy of the D.C. Superior Court indictment, the magistrate judge's finding of extraordinary circumstances remains undisturbed.

Third, Cole is not entitled to release based on the lack of a preliminary hearing because he has been indicted. *See* 18 U.S.C. § 3060(e) (stating that a defendant shall not be discharged from custody under § 3060(d) if "an indictment is returned" before "the date fixed" for the preliminary hearing). While Cole challenged the efficacy of his first indictment because it was returned by a D.C. Superior Court grand jury, he has since been indicted by a grand jury convened by this court. *See* ECF No. 39. Courts consistently hold that once a defendant is indicted, there is no right to release under 18 U.S.C. § 3060(d). *See, e.g.*, *United States v. Williams*, 526 F. App'x 29, 36 (2d Cir. 2013) ("As a result of being indicted, any claim that Williams might have had for release pending further criminal proceedings was rendered moot."); *United States v. Smith*, 22 F. App'x 137, 138 (4th Cir. 2001) ("Once the grand jury returned an indictment against Smith, his right to discharge pursuant to § 3060 ceased."). Here, that result follows from the text of § 3060(e), which states that no preliminary hearing is required and there shall be no discharge under § 3060(d) if an indictment is returned "prior to the date fixed" for a preliminary hearing. 18 U.S.C. § 3060(e). Cole was indicted by a grand jury of this court before any date fixed for a preliminary hearing, and he is accordingly not eligible for release under § 3060(d).

The court accordingly denies Cole's emergency motion to review magistrate judge's order denying release, ECF No. 33.

                                                AMIR H. ALI
                                                United States District Judge

Date:   January 16, 2026