IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 1:26-cr-1 |
| BRIAN COLE, JR., | ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT BRIAN COLE JR'S MOTION FOR EARLY RETURN OF SUBPOENAS

Defendant Brian Cole, by and through undersigned counsel, and pursuant to Rule 17(c)(1) of the Federal Rules of Criminal Procedure, states as follows:

## BACKGROUND

Shauni Kerkhoff was named as a person of interest in the January 5–6, 2021 pipe bomb investigation. Ms. Kerkhoff was a U.S. Capitol Police Officer on January 6, 2021, and was present at the Capitol on that date. Ms. Kerkhoff now works for the Central Intelligence Agency (CIA). According to discovery produced by the government in this case, the FBI began investigating, questioning, and covertly surveilling Ms. Kerkhoff during the time it began investigating Mr. Cole.

On November 6, 2025, Ms. Kerkhoff was interviewed by the FBI and took a polygraph examination. She was asked two relevant questions: (1) "Did you place those pipe bombs?" and (2) "Did you place those pipe bombs that evening?" Ms. Kerkhoff failed the polygraph. The FBI polygraph examiner noted Kerkhoff's "very controlled reaction to the news of her failing the polygraph and seemingly

1

rehearsed responses to examiner's questions."

On November 7, 2025, five days before the FBI opened a file on Mr. Cole, the FBI named Ms. Kerkhoff as a person of interest in the pipe bomb investigation and opened a file on her. The government immediately issued subpoenas and preservation requests for numerous electronic accounts associated with Ms. Kerkhoff. On November 12, 2025, the same day the government officially opened its investigation into Mr. Cole, FBI agents attempted to question Ms. Kerkhoff and Mr. Dickert at her residence. The next day, the FBI interviewed Ms. Kerkhoff's dog walker. The following day, Ms. Kerkhoff and her boyfriend, Daniel Dickert, also a Capitol Police Officer, were interviewed together by the FBI and AUSA Ballantine. Throughout November 2025, the FBI interviewed Ms. Kerkhoff's co-workers at the Capitol Police, her neighbors, surveilled her without her knowledge, requested her employment records from the CIA, and sent surveillance footage of her walking to a podiatrist, likely for a gait analysis.

Mr. Cole was arrested on December 5, 2025. The FBI closed the surveillance lead on Ms. Kerkhoff on January 7, 2026.

Mr. Cole requests the issuance and early return of three subpoenas relevant to Ms. Kerkhoff:

1.    A subpoena to Ms. Kerkhoff for: (a) the video of Ms. Kerkhoff's dog taken at her home, with her voice allegedly in the background, purportedly from the evening of January 5, 2021, shown to FBI agents by her or Mr. Dickert in November 2025, and any other photo, video, or audio created on the same device on January 5, 2021;

(b) the identity of the phones on which the dog video was stored; (c) Ms. Kerkhoff's employment records from the CIA in her possession, her offer letter from the CIA, and her Standard Form 86 Questionnaire that she completed for her job at the CIA; (d) documents provided by Ms. Kerkhoff to the government as part of its pipe-bomb investigation; (e) Ms. Kerkhoff's home camera recordings from January 5–6, 2021; (f) communications between Ms. Kerkhoff and Mr. Dickert from January 5–6, 2021; (g) the identity of the electronic devices used by Ms. Kerkhoff from December 15, 2020 through January 8, 2021; (h) documents reflecting Ms. Kerkhoff's work schedule on January 5, 2021; (i) communications between Ms. Kerkhoff and family members with a 614-area-code telephone number from January 1–8, 2021; (j) communications between Ms. Kerkhoff and the government and Ms. Kerkhoff and Mr. Dickert from November 1, 2025 through present related to her polygraph, the January 5–6 pipe-bomb investigation, and any photo and video purporting alibi for her whereabouts on January 5, 2021; (k) documents and communications about services used to wipe publicly-available information about Ms. Kerkhoff; and (l) the phone number and carrier for any device Ms. Kerkhoff used on January 5–6, 2021 provided by her employer.

2. A subpoena to Daniel Dickert, Ms. Kerkhoff's boyfriend and a U.S. Capitol Police Officer for: (a) the video of Ms. Kerkhoff's dog taken at his home, with her voice allegedly in the background, purportedly from the evening of January 5, 2021, shown to FBI agents by him or Ms. Kerkhoff in November 2025 and any other photo, video, or audio created on the same device on January 5, 2021; (b) the identity

3

of the phones on which the video was stored; (c) Mr. Dickert's home camera recordings from January 5–6, 2021; (d) communications between Mr. Dickert and Ms. Kerkhoff from January 5–6, 2021; (e) communications between Mr. Dickert and the government and Mr. Dickert and Ms. Kerkhoff from November 1, 2025 through present related to her polygraph, the January 5–6 pipe-bomb investigation, and any photo and video purporting alibi for Ms. Kerkhoff's whereabouts on January 5, 2021; (f) documents and communications about services used to wipe publicly-available information about Mr. Dickert; (g) the purchase receipt from January 5, 2021 from Roseina's on Fort Hunt/Shenandoah Road; and (h) the phone number and carrier for any device Mr. Dickert used on January 5–6, 2021 provided by his employer.

3.      A subpoena to Dr. Michael Nirenberg, DPM for: (a) documents and communications concerning any foot gait analysis performed of Ms. Kerkhoff; and (b) documents and communications concerning any other foot gait analysis performed related to the January 5–6, 2021 pipe-bomb investigation.

## LEGAL STANDARD AND ARGUMENT

Federal Rule of Criminal Procedure 17(c)(1) expressly permits early return of document subpoenas, stating that "the court may direct the witness to produce the designated items in court before trial." To grant a pretrial subpoena under Rule 17(c)(1), the court must find that: (1) the documents are evidentiary and relevant; (2) they are not otherwise reasonably procurable before trial through due diligence; (3) the party cannot properly prepare for trial without advance production and inspection, and failure to obtain such inspection may unreasonably delay trial; and

4

(4) the application is made in good faith and is not intended as a general "fishing

expedition." *United States v. Nixon*, 418 U.S. 683, 699-700 (1974); *see also United

States v. Trump,* 703 F. Supp. 3d 89, 92 (D.D.C. 2023).

The requested documents satisfy these requirements.

*First*, the requested documents relevant to Ms. Kerkhoff are evidentiary and

relevant. The question at issue in this case is whether Mr. Cole constructed and

placed the pipe bombs outside the DNC and RNC. The FBI identified Ms. Kerkhoff

as a person of interest in its investigation at the same time it was investigating Mr.

Cole. The government questioned Ms. Kerkhoff, her boyfriend, others who knew her,

issued subpoenas and preservation requests for her electronic accounts, polygraphed

her on whether she placed the pipe bombs (which she failed), and surveilled her

without her knowledge. Mr. Cole maintains his innocence and preserves the right to

present at trial that Ms. Kerkhoff—not Mr. Cole—placed the pipe bombs.

The requested documents, which include Ms. Kerkhoff's purported alibi on the

evening of January 5, 2021, her Capitol Police and CIA employment history, her

communications and location on January 5, 2021, Mr. Dickert's purported alibi on

the evening of January 5, 2021 (the Roseina's receipt), and the foot-gait analyses

performed by Dr. Nirenberg of Ms. Kerkhoff and any other FBI persons of interest

are all evidentiary and relevant to Mr. Cole's innocence in this case. Without this

evidence, Mr. Cole would be unable to evaluate and prepare a defense that Ms.

Kerkhoff, not Mr. Cole, placed the pipe bombs.

*Second*, these documents are not otherwise procurable. The only way to obtain

the requested documents is from Ms. Kerkhoff and Mr. Dickert directly through a court-ordered subpoena. Likewise, the only way to obtain the requested foot-gait analysis documents is from Dr. Nirenberg and his podiatry clinic directly through a court-ordered subpoena. Mr. Cole has been unable to locate any of the documents he has requested in discovery provided from the government, and the documents are otherwise not accessible to him.

*Third*, advance production is necessary for trial preparation. Without these documents, Mr. Cole cannot effectively evaluate and prepare a trial defense that he is not guilty, because Ms. Kerkhoff perpetrated the crime. Once Mr. Cole receives the documents he has requested, he will need time to review them and prepare his trial defense accordingly. Once he has reviewed the responsive documents, Mr. Cole will likely need to issue subpoenas to additional parties. He will likely also need to retain a podiatrist expert to interpret the foot-gait analyses performed by Dr. Nirenberg at the direction of the government.

*Finally*, this request is made in good faith, not as a "fishing expedition." The subpoena requests are carefully tailored by recipient, category and timeframe, informed by discovery Mr. Cole received from the government. The requests for communications between Ms. Kerkhoff and Mr. Dickert are narrowly tailored in their timeframe and category to minimize any personal communications unrelated to this case and their alibi. If necessary, Mr. Cole will work in good faith with the subpoena recipients' counsel to further narrow his requests.

For these reasons, Mr. Cole requests that the Court issue the attached

subpoenas directing Ms. Kerkhoff, Mr. Dickert, and Dr. Nirenberg to produce responsive documents by April 24, 2026.

Undersigned counsel conferred with counsel for the government, who are opposed to this early return motion and the issuance of the three subpoenas.

### CONCLUSION

Mr. Cole requests that the Court issue the attached subpoenas directing Ms. Kerkhoff, Mr. Dickert, and Dr. Nirenberg to produce responsive documents by April 24, 2026.

Date:  April 1, 2026                    Respectfully submitted,

**/s/ J. ALEX LITTLE**

J. Alex Little (Pro Hac Vice)

Zachary C. Lawson (Pro Hac Vice)

John R. Glover (Pro Hac Vice)

**LITSON PLLC**

54 Music Square East, Suite 300

Nashville, TN 37203

Telephone: 615-985-8205

alex@litson.co

**/s/ MARIO B. WILLIAMS**

Mario B. Williams

Ga. Bar No. 235254 (Pro Hac Vice)

**/s/JOHN SHOREMAN**

John M. Shoreman

DC Bar #407626

**HUMANITY DIGNITY AND RIGHTS LLC**

Life Time Work - Buckhead - at Phipps Plaza

3480 Peachtree Road, NE, Second (2nd) Floor

Atlanta, Georgia 30326

Tel: 470-257-2485

mwilliams@hdrattorneys.com
jms@mcfaddenshoreman.com

*Counsel for Brian Cole Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2026, a true and correct copy of the foregoing has been served via the Court's CM/ECF system upon all counsel of record.

**/s/ J. ALEX LITTLE**

J. Alex Little (Pro Hac Vice)

8