**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cr-00001-AHA |
| | ) | |
| BRIAN COLE, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's September 14, 2026 Minute Order, the United States of America and Defendant Brian Cole, Jr. respectfully submit this joint status report addressing the parties' positions on the impact of recently provided discovery on the scope of the subpoenas requested by Mr. Cole's renewed motion for early return of pretrial subpoenas, Dkt. 88.

## I. Background

On August 19, 2026, Mr. Cole filed his renewed motion for the early return of pretrial subpoenas to Shauni Kerkhoff, Daniel Dickert, and Dr. Michael Nirenberg, DPM. (Dkt. 88.) The government filed its opposition on August 31, 2026, Dkt. 91, and Mr. Cole filed his reply on September 4, 2026, Dkt. 96. Following the September 10, 2026 status conference, the government identified by email certain previously disclosed documents responsive to particular subpoena requests, and the parties met and conferred by correspondence between September 10 and September 22, 2026. The

parties' positions on the impact of that discovery on the scope of the requested subpoenas are set out below.

## II. Impact of Recently Provided Discovery on the Scope of the Requested Subpoenas

### A. Requests Withdrawn as Moot

Based on the government's productions and representations, Mr. Cole has withdrawn the following requests, which the parties agree are moot:

1. The subpoena to Dr. Nirenberg: The government directed the FBI to obtain from Dr. Nirenberg all materials responsive to the requested subpoena and produced those materials to the defense. (Dkt. 91 at 8 n.7.) Mr. Cole withdrew the Nirenberg subpoena in his reply. (Dkt. 96 at 7.)

2. Kerkhoff Request 9 and Dickert Request 5 (communications with the government from November 1, 2025 through the present): The government's June 30, 2026 letter identified the FBI subfile documenting these communications. By letter dated August 28, 2026, the government further reported that members of the FBI investigative team searched for any communications with Ms. Kerkhoff or Mr. Dickert since November 1, 2025 that were not documented in the subfile, and it produced the single additional item identified—a November 12, 2025 text message from an FBI special agent to Ms. Kerkhoff. Mr. Cole withdrew these requests on September 21, 2026.

3. Kerkhoff Request 10 (Ms. Kerkhoff's work-issued phone number): On August 31, 2026, the government produced an email from the general counsel of the

U.S. Capitol Police confirming that Ms. Kerkhoff did not have a USCP-issued phone in January 2021. Mr. Cole withdrew this request on September 21, 2026.

Thirteen requests remain: Kerkhoff Requests 1–8 and Dickert Requests 1–4 and 6.

B. Requests as to Which the Parties Disagree: Kerkhoff Request 5 and Dickert Request 4

These parallel requests seek the communications between Ms. Kerkhoff and Mr. Dickert from 12:00 a.m. through 4:39 p.m. on January 5, 2021. (Dkt. 88-1 at 6; Dkt. 88-2 at 5.) The parties disagree about whether the government's productions moot them.

*Mr. Cole's position*: The production does not moot these requests. First, the subpoenas call for production of communications in native format with accompanying metadata. The government's production is a PDF extraction report, not native files. Second, the production is drawn from a single device, Ms. Kerkhoff's phone, and therefore does not capture Mr. Dickert's devices, any deleted items, or communications exchanged through other channels. Mr. Cole offered to withdraw both requests if the government produced a full file system extraction of Ms. Kerkhoff's iPhone 12 Mini for December 1, 2020 through January 30, 2021 (in part so that the defense can conduct its own independent forensic review) and a complete record of Mr. Dickert's January 5–6, 2021 text messages. The government declined this request on September 22, 2026. Kerkhoff Request 5 and Dickert Request 4 accordingly remain outstanding, and Mr. Cole respectfully requests that the Court grant the renewed motion as to them.

*The government's position*: On June 30, 2026, in reference to the defendant's original subpoena request for communications between Kerkhoff and Sergeant Dickert from January 5 and 6, 2021, the government provided direct text messages exchanged between Kerkhoff and Sergeant Dickert extracted from Kerkhoff's phone for the time period of January 5 and 6, 2021. In total, there were 223 text messages beginning at 6:25:50 a.m. on January 5 and ending at 11:58:27 p.m. on January 6, 2021. The production included more than 100 messages sent and received before 4:39 p.m. on January 5, 2021. The file is named "PSR1, PSR2 Comms Jan5-6.Pdf". The defendant continues to seek additional communications between Kerkhoff and Sergeant Dickert for this timeframe. For the reasons articulated by the government in its Opposition to Defendant's Renewed Motion for Early Return of Pretrial Subpoenas (Dkt. 91), the defendant cannot meet the Rule 17(c) standard for additional materials.

The government's response to the defendant's request for a partial extraction of Kerkhoff's device is the same as it has given when asked for a full extraction of the device: that we object to this request. The information sought is not discoverable under applicable law or rule. It is not exculpatory, does not constitute *Brady* or *Giglio* material, and is not otherwise subject to disclosure. The request also seeks information that is overly private, intrusive, and irrelevant to any issue in the case.

C. Requests Unaffected by the Recently Provided Discovery

The recently provided discovery does not bear on the remaining eleven requests: Kerkhoff Requests 1–4 and 6–8 and Dickert Requests 1–3 and 6.

*Mr. Cole's position*: These requests remain outstanding, are fully briefed, Dkts. 88, 91, 96, and are not "otherwise procurable" from any source other than the subpoena recipients. The Court should grant the renewed motion as to them.

For the Court's convenience, the status of each request is summarized below:

| **Request(s)** | **Subject** | **Status** |
|---|---|---|
| Kerkhoff 1; Dickert 1 | Native video file and same-device media (Jan. 5, 2021) | Outstanding; no responsive production identified |
| Kerkhoff 2; Dickert 2 | Device identification and disposition | Outstanding; no responsive production identified |
| Kerkhoff 3 | Items provided to the government (Nov. 6 and 12, 2025) | Outstanding; the government has declined to produce (Dkt. 91 at 19 n.10) |
| Kerkhoff 4; Dickert 3 | Residence camera footage (Jan. 5–6, 2021) | Outstanding; no responsive production identified |
| Kerkhoff 5; Dickert 4 | Kerkhoff–Dickert communications (Jan. 5, 2021, 12:00 a.m.–4:39 p.m.) | Disputed: the government contends these requests are moot; Defendant disagrees |
| Kerkhoff 6 | Device-identification records (Dec. 15, 2020–Jan. 8, 2021) | Outstanding; no responsive production identified |
| Kerkhoff 7 | Raw badge-swipe log (Jan. 5, 2021) | Outstanding; no responsive production identified |
| Kerkhoff 8 | Wearable-device records and data (Jan. 5–6, 2021) | Outstanding; no responsive production identified |
| Kerkhoff 9; Dickert 5 | Communications with the government (Nov. 1, 2025–present) | *Withdrawn as moot* (Sept. 21, 2026) |
| Kerkhoff 10 | Ms. Kerkhoff's work-issued phone number | *Withdrawn as moot* (Sept. 21, 2026) |

| | | |
|---|---|---|
| Dickert 6 | Mr. Dickert's work-issued phone number | Outstanding; no responsive production identified |
| Nirenberg 1–2 | Gait-analysis documents and communications | *Subpoena withdrawn as moot* (Dkt. 96 at 7.) |

*The government's position*: The government's positions on these requests, including any responsive materials already provided, are described in detail in its Opposition to Defendant's Renewed Motion for Early Return of Pretrial Subpoenas. (Dkt. 91.)

Date: September 24, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ Stuart Allen (by permission)*
Charles R. Jones
Jocelyn S. Ballantine
Stuart D. Allen
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, DC 20530
Telephone: (202) 252-7794 (Allen)

*Counsel for the United States*

/s/ *John R. Glover*
J. Alex Little
Zachary C. Lawson
John R. Glover
LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203

Telephone: 615-985-8205
alex@litson.co
zack@litson.co
jr@litson.co

Mario B. Williams
Ga. Bar No. 235254 (*Pro Hac Vice*)
John M. Shoreman
DC Bar #407626
HUMANITY DIGNITY AND RIGHTS LLC
3480 Peachtree Road, NE
Atlanta, Georgia 30326
Tel: 470-257-2485
mwilliams@hdrattorneys.com
jms@mcfaddenshoreman.com

*Counsel for Brian Cole Jr.*

## CERTIFICATE OF SERVICE

I certify that on September 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all registered participants in this case.

*/s/ John R. Glover*
John R. Glover