**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:26-cr-00001-AHA |
| BRIAN COLE, JR., | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**
**COUNTS ONE AND TWO AS UNTIMELY**

Counts One and Two of the Third Superseding Indictment (ECF No. 106) charge Mr. Cole with violating 18 U.S.C. § 844(d), which carries a five-year statute of limitations. If the Indictment returned on January 2, 2026, by a D.C. Superior Court grand jury (the "Superior Court Indictment") (ECF No. 31) could properly initiate a criminal case in federal district court, then those Counts would be timely by a mere handful of days based on the alleged criminal conduct on January 5, 2021.

The Federal Rules of Criminal Procedure ("Criminal Rules"), however, do not permit a federal district court to accept an indictment returned by a grand jury summoned by the D.C. Superior Court; indeed, the Criminal Rules were amended in 2002 to make that point clear. Counts One and Two are therefore timely only if a *federal* grand jury returned an indictment within 5 years of the alleged offense, *i.e.*, by January 5, 2026, but the first federal indictment was not returned until January 6, 2026—a day past the deadline. (ECF No. 39.) Counts One and Two should therefore be dismissed as untimely.

Although Mr. Cole submits that dismissal is required for the reasons explained below, he notes that this issue—whether a grand jury empaneled in D.C. Superior Court may return an indictment federal district court—is currently pending before the D.C. Circuit. *See United States v. Stewart*, No. 25-3115 (D.C. Cir.) (appellant's reply brief currently due on October 8, 2026). *Stewart*'s outcome likely will govern the same issue here, though it may not be known for several months. Defendant therefore files this motion to preserve his argument for dismissing Counts One and Two while acknowledging that the Court may elect not to consider it until the D.C. Circuit decides *Stewart*.

## LEGAL STANDARD

A criminal defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "For limitations purposes, a superseding indictment filed while the original indictment is *validly* pending relates back to the time of filing of the original indictment[.]" *United States v. Biaou*, No. 24-cr-2023 (CRC), 2026 WL 221768, at *4 (D.D.C. Jan. 28, 2026) (citation omitted) (emphasis added).

## ARGUMENT

### A. Counts One and Two face a five-year statute of limitations.

The Third Superseding Indictment charges Mr. Cole with eight Counts. The ones relevant here, Counts One and Two, accuse him of violating 18 U.S.C. § 844(d) by knowingly transporting an explosive device in interstate commerce with the intent to intimidate an individual or destroy a building in Washington, D.C. (ECF No. 106.)

That charge is subject to the default five-year statute of limitations for non-capital criminal offenses. *See* 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found . . . within five years next after such offense shall have been committed.").[1]

### B. Count One and Two Are Untimely Because A D.C. Superior Court Grand Jury Cannot Return an Indictment in Federal Court.

Counts One and Two charge Mr. Cole with criminal conduct "on or about January 5, 2021" (ECF No. 106), but the first federal indictment against him was returned on January 6, 2026 (ECF No. 39)—one day beyond the five-year statute of limitations. That federal indictment can relate back to an earlier indictment only if it was "filed while the original indictment [was] *validly* pending." *Biaou*, 2026 WL 221768, at *4 (emphasis added). The only indictment returned before the statute of limitations expired was returned not by a federal grand jury, but by a "grand jury empaneled in the Superior Court of the District of Columbia." Superior Court Indictment at 1 n.1 (ECF No. 31). Counts One and Two therefore must be dismissed

---

[1] Certain other offenses under 18 U.S.C. § 844, including those dealing with arson, are subject to a longer statute of limitations. *See* 18 U.S.C. § 3295 ("No person shall be prosecuted, tried, or punished for any non-capital offense under section 81 or subsection (f), (h), or (i) of section 844 unless the indictment is found . . . not later than 10 years after the date on which the offense was committed."). Counts Three and Four, which charge a violation of section 844(i), are therefore subject to a ten-year statute of limitations. Because § 3295 does not encompass charges under section 844(d), Count One and Two remain subject to the default five-year statute of limitations.

unless the Superior Court Indictment was "valid," i.e., properly returned in federal district court.

For the reasons explained below, a Superior Court indictment is not valid in federal district court and Count One and Two must therefore be dismissed as untimely.

**1. The plain text of Rule 1 of the Criminal Rules makes clear that only federal district courts are "courts" that may impanel grand juries to return federal indictments.**

The "principles of statutory interpretation apply [...] to federal rules, including the Federal Rules of Criminal Procedure." *United States v. Melvin*, 948 F.3d 848, 852 (7th Cir. 2020) (citation omitted); *accord United States v. Thorne*, 548 F. Supp. 3d 70, 117 (D.D.C. 2021). And it is a "fundamental canon [of] statutory interpretation" to "begin[] with the language of the statute itself." *Pilon v. U.S. Dep't of Justice*, 73 F.3d 1111, 1119 (D.C. Cir. 1996) (quoting *Pa. Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 557-58 (1990)). So, in "construing a statute, we look first for the plain meaning of the text." *United States v. Barnes*, 295 F.3d 1354, 1359 (D.C. Cir. 2002).. "Whether statutory language is plain depends on 'the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'" *Id.* (quoting *United States v. Wilson*, 290 F.3d 347, 352 (D.C. Cir. 2002)). "If the language of the statute has a 'plain and unambiguous meaning,' our inquiry ends so long as the resulting 'statutory scheme is coherent and consistent.'" *Id.*

The Criminal Rules "govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme

Court of the United States." Fed. R. Crim. P. 1(a)(1). Rule 7, which provides that all felony convictions proceed by indictment, codifies the Fifth Amendment's demand that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger[.]" Fed. R. Crim. P. 7; U.S. Const. amend. V.

Rule 6, which governs the constitution and operation of the grand jury which returns an indictment, makes clear that the role of "the court" is integral to a grand jury's function. Among other things, the court summons grand juries. *See* Fed. R. Crim. P. 6(a)(1) ("When the public interest so requires, the court must order that one or more grand juries be summoned."). It appoints the foreperson. *Id.* at 6(c) ("The court will appoint one juror as the foreperson and another as the deputy foreperson."). It determines the secrecy of grand jury proceedings. *Id.* at 6(e)(3)(E) ("The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter[.]" And "the court" may discharge grand juries (*id.* at 6(g)) and grant temporary or permanent excusals to grand jurors (*id.* at 6(h)).

The Criminal Rules thus place "the court" at the center of grand jury functioning, but they also make clear that the D.C. Superior Court is not a "court" for purposes of those Rules. Rule 1 defines "Court" as "a *federal judge* performing functions authorized by law." Fed. R. Crim. P. 1(b)(2) (emphasis added). It then defines "Federal judge" to mean "a justice or judge of the United States as these terms are defined 28 U.S.C. § 451"; "a magistrate judge"; and "a judge confirmed by the

United States Senate and empowered by statute in any commonwealth, territory, or possession to perform a function to which a particular rule relates." Fed. R. Crim. P. 1(b)(3). Judges of the Superior Court are not included within any of these definitions.

*First*, judges of the D.C. Superior Court are not covered by 28 U.S.C. § 451. A "judge or justice" referred to in 28 U.S.C. § 451 includes the Chief Justice or an Associate Justice of the Supreme Court—obvious non-fits—and any judge of a court created by an act of Congress who is "entitled to hold office during good behavior." 28 U.S.C. § 451. Superior Court judges are not entitled to hold office during good behavior, but instead are appointed for fifteen-year terms. D.C. Code § 1-204.31(c).

*Second*, magistrate judges of the Superior Court are not "magistrate judges" under the Federal Rules. Rule 1 defines a "magistrate judge" to be "a United States magistrate judge as defined in 28 U.S.C. §§ 631-39," which in turns define a magistrate judge as one appointed by "the judges of each United States district." 28 U.S.C. § 631. Federal district court judges have no role in appointing Superior Court magistrate judges, who instead are appointed by the Chief Judge of the Superior Court. D.C. Code § 11-1732(a).

*Finally*, Superior Court judges are not judges of a United States commonwealth, territory, or possession, because the District of Columbia is none of those things. The Rules themselves confirm this obvious fact, defining "State" to include "the District of Columbia, and any commonwealth, territory, or possession of the United States." Fed. R. Crim. P. 1(b)(9)—making clear that the District of Columbia is in a separate category of its own.

Because the Criminal Rules establish that Superior Court judges are not "courts" empowered to empanel or preside over grand juries that can return indictments in federal court, there is no need to consider legislative history or similar commentary. But looking further only confirms the conclusion: commentary to the 2002 Amendment to Rule 1 states clearly that the "term [federal judge] does not include local judges in the District of Columbia." Fed. R. Crim. P. 1 advisory committee notes (2002 amendment).

Because Superior Court judges are not "courts" under the Criminal Rules, they cannot empanel grand juries to return indictments in federal court.

**2. D.C. Code § 11-1916(a) is not to the contrary.**

In the Superior Court Indictment (ECF No. 31 at 1), the government cited D.C. Code § 11-1916(a) for a Superior Court grand jury's ability to return an indictment in federal district court. That statute provides that a "grand jury serving in the District of Columbia may take cognizance of all matters brought before it regardless of whether an indictment is returnable in the Federal or District of Columbia courts." *Id.* For multiple reasons, however, the D.C. Code cannot save the untimely charges in Counts One and Two.

*First*, the Criminal Rules control any conflict with § 11-1916(a). It is a familiar canon of construction that "if the two [acts] are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first…" *United States v. Tynen*, 78 U.S. 88, 92 (1870). Here, given

the creation of § 11-1916(a) in 1986, the later-in-time statute is the 2002 Amendments to the Criminal Rules.

*Second*, the Rules Enabling Act, 28 U.S.C. § 2072, supports the conclusion that the 2002 Amendments to the Criminal Rules superseded Section 11-1916(a) of the D.C. Code. Its language is clear: "All laws in conflict with [the Federal Rules] shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). This means what it says. *See Penfield Co. v. Securities & Exch. Comm'n*, 330 U.S. 585, 589 n.5 (1947) ("Where a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails."); 4 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1030 & n.2, at 125 (2d ed. 1987) ("Statutes enacted prior to the rules that are inconsistent with them are superseded."). Here, Section 11-1916(a) of the D.C. Code was enacted 32 years *before* the 2002 Amendments to the Criminal Rules. When the two conflict, the later-enacted Criminal Rules—including their unambiguous definition of "court," *see* Fed. R. Crim. P. 1(b)(2), (b)(3)—prevail.

*Third*, the structure of the D.C. Code confirms that Congress built a single bridge between the two court systems, and it runs in one direction: local D.C. Code violations may cross into federal court, but federal offenses remain exclusively in the district courts. The Court Reform Act of 1970 gave the Superior Court jurisdiction over "any criminal case under any law applicable exclusively to the District of Columbia," D.C. Code § 11-923(b)(1). But it left "all offenses against the laws of the United States" to the "exclusive" jurisdiction of the district courts. 18 U.S.C. § 3231. And it preserved a single bridge between the two: this Court "has jurisdiction of . . .

[a]ny offense under any law applicable exclusively to the District of Columbia which offense is joined in the same information or indictment with any Federal offense." D.C. Code § 11-502(3). That narrow bridge carries local offenses into federal court, not the other way around, which is what the Superior Court Indictment did here.

The Third Superseding Indictment travels the bridge in the above manner. Counts Seven and Eight charge Mr. Cole exclusively with D.C. Code offenses. (ECF No. 106 at 3-4 (charging D.C. Code §§ 22-3152, 22-3153(l), 22-4502).) A federal grand jury returned them in the same indictment with federal offenses. When the government needed local charges heard in federal court, it used the crossing Congress built. Its defense of the Superior Court Indictment asks this Court to permit the reverse crossing on no bridge at all. Section 11-1916(a) cannot bear that weight. Chapter 19 of Title 11 of the D.C. Code governs the selection and service of jurors, and it addresses what a grand jury "may take cognizance of." It says nothing about where an indictment may be returned, and nothing about the jurisdiction of either court, which Title 11 allocates elsewhere and in express terms. Congress "does not . . . hide elephants in mouseholes." *Whitman v. Am. Trucking Ass'ns, Inc.*, 531 U.S. 457, 468 (2001).

*Finally*, because the grand jury is "an appendage of the court, powerless to perform its investigative function without the court's aid," *Brown v. United States*, 359 U.S. 41, 49 (1959), overruled on other grounds by *Harris v. United States*, 382 U.S. 162 (1965), the grand jury summoned by the D.C. Superior Court cannot investigate matters—and return indictments—that are beyond the jurisdiction of the

court itself. *See Thompson v. United States*, 548 F.2d 1031, 1037 n.33 (D.C. Cir. 1976) (reading the D.C. Code to "most certainly . . . divest [D.C. Superior] Court of jurisdiction to hear criminal cases involving United States Code offenses"); *see also* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). Ultimately, "[i]t is the court's process which summons the witness to attend and give testimony, and it is the court which must compel a witness to testify if, after appearing, he refuses to do so." *Brown*, 359 U.S. at 49. Here, the D.C. Code makes clear that the Superior Court is powerless to enforce federal criminal laws. Reading section 11-1916(a) as still permitting such jurisdiction through the supervision and enforcement of a grand jury investigation of those federal laws contradicts this clear statutory command.

These jurisdictional deficits lead to significant potential problems. For example, if a federal prosecutor were to investigate a federal crime through a Superior Court grand jury, the investigation would be subject to the law of privileges established by the D.C. Court of Appeals, which may provide less witness protection than the D.C. Circuit would allow. *Cf. Moore v. United States*, 342 A.3d 1222, 1226 (D.C. 2025) (holding "that criminal threats to cause death or substantial bodily harm fall outside the attorney-client privilege"). This and other potential constitutional problems can be avoided by reading the Federal Rules to mean what they say.

* * *

Because the Superior Court Indictment could not be returned legally in federal district court, it did not stop the running of the 5-year statute of limitations under 18 U.S.C. § 441(d). For the same reason, the Superseding Indictment returned on January 6, 2026, did not relate back to the Superior Court Indictment. Counts One and Two in the Third Superseding Indictment relate back only to the January 6, 2026 Superseding Indictment—the first "validly pending" one—and they therefore should be dismissed as untimely.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss Counts One and Two of the Third Superseding Indictment. Mr. Cole acknowledges that the D.C. Circuit's anticipated decision in *Stewart* is likely to heavily influence, if not dispose of, the question presented here.

Dated: October 5, 2026

Respectfully submitted,

*/s/ John R. Glover*
J. Alex Little
Zachary C. Lawson
John R. Glover
LITSON PLLC
54 Music Square East, Suite 300
Nashville, Tennessee 37203
(615) 985-8205
alex@litson.co
zack@litson.co
jr@litson.co

John M. Shoreman
DC Bar #407626
Mario B. Williams
Ga. Bar No. 235254 (*Pro Hac Vice*)
3480 Peachtree Road, NE

Atlanta, Georgia 30326
Tel: 470-257-2485
jms@mcfaddenshoreman.com
mwilliams@hdrattorneys.com

*Counsel for Brian J. Cole, Jr.*

**CERTIFICATE OF SERVICE**

I certify that on October 5, 2026, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will serve all registered participants in this case.

*/s/ John R. Glover*
John R. Glover