**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:26-cr-00001 (AHA) |
| BRIAN COLE, JR., | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO ELECT BETWEEN COUNTS ONE AND TWO**

Defendant Brian Cole, Jr., through undersigned counsel, respectfully moves under Federal Rule of Criminal Procedure 12(b)(3)(B)(ii) and the Fifth Amendment's Double Jeopardy Clause for an order compelling the government to elect between Counts One and Two of the Third Superseding Indictment (Dkt. 106), which are multiplicitous.[1] For the reasons stated below, the Court should dismiss the non-elected count.

## INTRODUCTION

For more than nine months, across three different indictments, the government charged Mr. Cole with one count of transporting explosives to the DNC and RNC, in violation of 18 U.S.C. § 844(d). It did so in the indictment, first superseding indictment, and second superseding indictment with nearly identical

1 For the reasons stated in Mr. Cole's motion to dismiss Counts One and Two, Dkt. 108, both Counts should be dismissed as untimely. In addition to being untimely, the Counts are multiplicitous of each other for the reasons stated in this motion.

language: that he transported two explosives with the intent to damage and destroy the DNC and RNC. Dkt. 31 at 1–2; Dkt. 39 at 1; Dkt. 64 at 1. Yet the new Third Superseding Indictment charges that one transportation in two counts: Count One for the device allegedly left at the RNC, and Count Two for the device allegedly left at the DNC. Dkt. 106 at 1–2.

Section 844(d) punishes a person who *transports* explosives in interstate commerce with the intent to damage or destroy *any* building. It does not punish the placement of each explosive, and it does not separately punish the transportation of multiple explosives at the same time. In *Bell v. United States*, the Supreme Court explained that when a transportation statute does not clearly make each item carried a separate offense, transporting two distinct things "on the same trip and in the same vehicle" is one crime, not two. 349 U.S. 81, 82–84 (1955). That rule has since been applied to various transportation statutes and must be applied here, where the government alleges that Mr. Cole transported the two explosives on the same trip and in the same vehicle.

Counts One and Two therefore charge "the same offense in more than one count," Fed. R. Crim. P. 12(b)(3)(B)(ii), and they cannot both be sent to the jury. Because the defect appears on the face of the indictment, turns on a pure question of statutory construction, and would otherwise tell the jury that Mr. Cole committed two federal transportation crimes when the law recognizes at most one, the Court should require the government to cure it now rather than after verdict.

## BACKGROUND

Each of the three prior indictments charged the alleged transportation of both devices to both buildings as a single § 844(d) count. The first two indictments alleged that Mr. Cole "knowingly transported in interstate commerce two explosives, that is, two explosive devices commonly referred to as 'pipe bombs.'" Dkt. 31 at 1; Dkt. 39 at 1. The Second Superseding Indictment alleged that he "knowingly transported in interstate commerce an explosive, that is, two 'pipe bombs' and their respective components." Dkt. 64 at 1. Each named both the DNC and RNC headquarters. Dkt. 31 at 1–2; Dkt. 39 at 1; Dkt. 64 at 1.

The Third Superseding Indictment replaces that singular count with Counts One and Two. Dkt. 106 at 1–2. The two counts are word-for-word identical, except that Count One names the RNC and Count Two the DNC. *Id.* Neither alleges a separate trip, vehicle, or interruption in the movement of the devices.

The government's theory is that Mr. Cole drove both devices together into the District on January 5, 2021, and placed them at the two buildings, which are about 0.2 miles apart. *See* Dkt. 17 at 2. The government has described that act in court as a single act of transportation to the District: "when he transported those explosive devices to Washington, DC and planted them." Det. Hr'g Tr. 14:21–22 (Dec. 30, 2025).

## ARGUMENT

"A multiplicitous indictment charges the same crime in multiple counts, which violates the Fifth Amendment's prohibition against double jeopardy." *United States v. Doost*, 3 F.4th 432, 437 (D.C. Cir. 2021) (citation omitted). Multiplicity is a defect

in the indictment that must be raised by pretrial motion. Fed. R. Crim. P. 12(b)(3)(B)(ii); *Doost*, 3 F.4th at 437.

When, as here, two counts charge violations of the same statute, "courts determine whether a single offense is involved not by applying the *Blockburger* test, but rather by asking what act the legislature intended as the 'unit of prosecution' under the statute." *United States v. Weathers*, 186 F.3d 948, 952 (D.C. Cir. 1999) (citation omitted). If the statute does not answer that question clearly, the rule of lenity does: "When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity." *Bell*, 349 U.S. at 83. Put differently, "if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses . . . ." *Id.* at 84.

As explained below, by changing course from the first three indictments and charging the single act of transportation in two separate counts, the government has created a multiplicity issue that it should be compelled to fix.

## I. COUNTS ONE AND TWO CHARGE A SINGLE VIOLATION OF 18 U.S.C. § 844(d).

### A. The Unit of Prosecution Under § 844(d) Is the Act of Transportation, Not Each Explosive.

Section 844(d) reaches "[w]hoever transports or receives, or attempts to transport or receive, in interstate or foreign commerce any explosive with the knowledge or intent that it will be used to kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal

property." 18 U.S.C. § 844(d). The operative conduct is the verb: "transports." The object of the verb is "any explosive." Nothing in the text says that each explosive transported on a given trip is a separate offense, and nothing ties the unit of prosecution to the number of devices or the number of intended targets.

That is precisely the statutory structure the Supreme Court construed in *Bell*. The Mann Act, as it then read, punished "[w]hoever knowingly transports in interstate or foreign commerce . . . any woman or girl" for a prohibited purpose. *Bell*, 349 U.S. at 82 (citation omitted). The defendant had "transported the two women on the same trip and in the same vehicle." *Id*. The Court held that the statute did not clearly make each woman a separate unit of prosecution, and it therefore resolved the doubt "against turning a single transaction into multiple offenses." *Id.* at 84. Section 844(d) has the same structure—"transports" and the indefinite object "*any* explosive"—and it compels the same result.

Courts applying *Bell* to statutes that criminalize the interstate transportation of dangerous items have reached the same conclusion. In *Rayborn v. United States*, the defendant was convicted on multiple counts for transporting multiple firearms and ammunition "on a single trip" from Kentucky to New York while a fugitive from justice. 234 F.2d 368, 370 (6th Cir. 1956). The statute at issue made it unlawful for a fugitive to "transport . . . any firearm or ammunition." *Id.* at 370 n.3 (citation omitted). The Sixth Circuit reversed the cumulative sentences, holding that "the reasoning of the Supreme Court's opinion in the *Bell* case points clearly to the

conclusion that a fugitive who transports several firearms and ammunition on an interstate journey is guilty of a single crime." *Id.* at 370.

The D.C. Circuit has applied the same principle to possession-based firearms and explosives offenses, holding that where Congress uses indefinite words like "any" or "a" to describe the object of the offense, the unit of prosecution is ambiguous, and lenity applies. *United States v. Cunningham*, 145 F.3d 1385, 1398–99 (D.C. Cir. 1998); *United States v. Johnson*, 4 F.4th 116, 122–23 (D.C. Cir. 2021). In *Cunningham*, the court merged eight convictions under 18 U.S.C. § 922(g), which makes it unlawful for a felon to possess "*any* firearm or ammunition," explaining, "[w]hen a felon possesses multiple weapons, only one offense is committed, unless the weapons are stored or acquired at different times or places." 145 F.3d at 1398 (emphasis in original). And in *Johnson*, the D.C. Circuit vacated one of two convictions for possessing a weapon of mass destruction under D.C. Code § 22-3154(a) that rested on the defendant's simultaneous possession of two explosive devices, observing that the statute "refers generally to 'a weapon of mass destruction,' and that language covers both IEDs possessed by Johnson." 4 F.4th at 122, 123.

As in the cases above, the government alleges that Mr. Cole committed only one transportation offense. That alleged transportation was "on a single trip" as in *Rayborn*, 234 F.2d at 370, and "on the same trip and in the same vehicle" as in *Bell*, 349 U.S. at 82. At a minimum, the statute does not "clearly and without ambiguity" authorize two charges for one alleged transportation, and lenity resolves the question in Mr. Cole's favor. *See Bell*, 349 U.S. at 84.

### B. The Indictment Itself Alleges One Transportation.

Counts One and Two of the Third Superseding Indictment allege the same transportation act, on the same date, "in the District of Columbia and elsewhere." Dkt. 106 at 1–2. They do not allege two separate trips or vehicles. The only difference between them is the intended target named in the intent clause. But a defendant's purpose is not the unit of prosecution under § 844(d)—the act of transportation is.

The government's charging history confirms the point. Until September 30, 2026, the government charged this transportation as a single § 844(d) count in three different indictments. Dkt. 31 at 1–2; Dkt. 39 at 1; Dkt. 64 at 1. That is how the government has charged similar conduct elsewhere. *See, e.g., United States v. Rahimi*, No. 1:16-cr-00760-RMB, Dkt. 18 at 5–6 (S.D.N.Y.) (charging one violation of § 844(d): "RAHIMI received and transported [IEDs] in interstate commerce, detonated one [IED] in the vicinity of 135 West 23rd Street in the Chelsea neighborhood of New York . . . and placed a second [IED] in the vicinity of 131 West 27th Street in the Chelsea neighborhood of New York . . . ."). In this case, the government has described the alleged transportation as a single act of transportation to the District: "when he transported those explosive devices to Washington, DC and planted them." Det. Hr'g Tr. 14:21–22 (Dec. 30, 2025).

Nothing in the Third Superseding Indictment alleges new facts that would transform one transportation into two.

## II. THE COURT SHOULD CURE THE MULTIPLICITY BEFORE TRIAL.

Rule 12 requires Mr. Cole to raise multiplicity now. Fed. R. Crim. P. 12(b)(3)(B)(ii); *Doost*, 3 F.4th at 437. The purpose of that requirement is to allow the trial court to cure the defect before trial and "without disrupting an ongoing trial." *Weathers*, 186 F.3d at 953 (citation omitted). Courts of in this District have accordingly recognized that the decision whether to require the government to elect among multiplicitous counts before trial lies within the trial court's discretion, and have exercised that discretion to require election. *United States v. Phillips*, 962 F. Supp. 200, 201–02 (D.D.C. 1997) (Friedman, J.) (requiring government to elect before trial between firearm and ammunition counts arising from possession of a single loaded firearm); *United States v. Clarridge*, 811 F. Supp. 697, 705–06, 714 (D.D.C. 1992) (Greene, J.) (requiring government to elect within twenty days between perjury counts arising from the same Senate testimony and requiring dismissal of the non-elected count).

It is no answer for the government to say that the multiplicity problem with Counts One and Two should be addressed later on at sentencing. Cases like *Phillips* and *Clarridge* demonstrate that the harm from multiplicitous charging is not confined to sentencing. As Judge Friedman explained, "at least some of the harm from multiplicitous prosecution occurs during the course of the trial itself, and not merely at sentencing." *Phillips*, 962 F. Supp. at 202 (citation and internal quotation marks omitted). "[W]hen an indictment charges numerous offenses arising from the same conduct it may falsely suggest to a jury that a defendant has committed not one but

several crimes." *Clarridge*, 811 F. Supp. at 702 (citation and internal quotation marks omitted). And once that false suggestion is conveyed, "[c]ompromise verdicts or assumptions that, with so many charges pending the defendant must be guilty on at least some of them, pose significant threats to the proper functioning of the jury system." *Id*. The Court should resolve the multiplicity problem before trial.

## CONCLUSION

The Court should order the government, within 30 days of its order, to elect whether it will proceed on Count One or Count Two, with the other count dismissed—the approach taken in cases like *Phillips* and *Clarridge*. Nothing in that order would prevent the government from instead seeking a fourth superseding indictment that charges the alleged transportation in a single count, as the grand jury did three times before.

Dated: October 15, 2026

Respectfully submitted,

*/s/ John R. Glover*
J. Alex Little
Zachary C. Lawson
John R. Glover
LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co
zack@litson.co
jr@litson.co

Mario B. Williams
Ga. Bar No. 235254 (Pro Hac Vice)
John M. Shoreman

DC Bar #407626
HUMANITY DIGNITY AND RIGHTS LLC
3480 Peachtree Road, NE
Atlanta, Georgia 30326
Tel: 470-257-2485
mwilliams@hdrattorneys.com
jms@mcfaddenshoreman.com

*Counsel for Brian Cole, Jr.*

**CERTIFICATE OF SERVICE**

I certify that on October 15, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

*/s/ John R. Glover*
John R. Glover