**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

BRIAN J. COLE, JR.,

*Defendant*.

Criminal Action No. 26-00001 (AHA)

# Order

The government has raised concern that defense counsel's dual representation of Defendant in this criminal case and litigants in a civil case presents a plausible, waivable conflict of interest. The government asks this court to appoint conflicts counsel to advise Defendant, so he can make an informed decision as to whether to waive the conflict. ECF No. 97 at 6–7; *see* ECF No. 99 at 1–2, 11–15. The court ordered briefing from both parties on the question and, having considered their submissions, will appoint fully independent conflicts counsel to advise Defendant on "the existence and nature of the possible conflict," and "the possible adverse consequences," to ensure Defendant makes an informed decision whether to waive any such conflict. D.C. R. Prof'l Conduct 1.7(c)(1).

A grand jury has charged Defendant with, among other things, placing pipe bombs outside of the Republican National Committee and Democratic National Committee headquarters on January 5, 2021. *See* ECF No. 106 at 1–2. The government says it will prove Defendant's guilt through surveillance video showing Defendant placing the bombs, evidence that Defendant's vehicle and cell phone were in the area at the time the bombs were placed, evidence that Defendant bought components and ingredients to make the pipe bombs, evidence that Defendant possessed

materials and had conducted searches about how to make a pipe bomb, and evidence that Defendant confessed to the charged crimes. ECF No. 99 at 2. In pretrial proceedings, Defendant has indicated he may pursue a defense that another specific person committed the crimes, sometimes called an "alternative perpetrator" defense. *See* ECF No. 88 at 2–3; ECF No. 97 at 14; ECF No. 98 at 1–3. As described to date, that defense is based on the government's investigation into the other person, after an online article claimed to have completed a "forensic analysis" showing their "gait is a 94% - 98% match to the unique stride" of the person who planted the pipe bombs. ECF No. 99 at 3 & n.2; *see* ECF No. 98 at 2–3. The subject of that article has since sued the authors and online publication for defamation, and three of Defendant's lawyers in this case now represent the authors, as well as a media platform the authors later founded, in the civil case. *See* ECF No. 89 at 26; ECF No. 98 at 1–3; ECF No. 97 at 5–6, 14–15; *see also Kerkhoff v. Blaze Media LLC*, No. 1:26-cv-01078 (E.D. Va.).

This court has "an independent duty to ensure that criminal defendants receive a trial that is fair and does not contravene the Sixth Amendment" right to effective assistance of counsel. *Wheat v. United States*, 486 U.S. 153, 161 (1988). The court also has a duty to make sure that any plausible claimed conflict is promptly addressed. *See Grimes v. District of Columbia*, 794 F.3d 83, 90 (D.C. Cir. 2015) (recognizing that a "plausible claim of conflict must be resolved before allegedly conflicted counsel or the court takes further action in the case"). The court therefore ordered the parties to brief the existence of any potential conflict of interest and whether such conflict would be waivable. *See* Minute Order (Sep. 16, 2026).

The government expresses concern that defense counsel's representation of Defendant here and the authors sued in the defamation case presents a circumstance in which their judgment on behalf of Defendant "reasonably may be adversely affected by the lawyer's responsibilities to

or interests in a third party or the lawyer's own financial, business, property, or personal interests." D.C. R. Prof'l Conduct 1.7(b)(4). That rule "is founded upon the principle that a client is entitled to undivided loyalty and zealous legal representation." *In re Evans*, 902 A.2d 56, 65 (D.C. 2006). However, it can be waived when a "potentially affected client provides informed consent to such representation after full disclosure of the existence and nature of the possible conflict and the possible adverse consequences of such representation" and "[t]he lawyer reasonably believes that [they] will be able to provide competent and diligent representation to each affected client." D.C. R. Prof'l Conduct 1.7(c)(1)–(2). The government argues that, in an abundance of caution and to protect the integrity of the criminal proceedings, the court should appoint conflicts counsel to advise Defendant as to the nature of, and decision whether to waive, the possible conflict. *See* ECF No. 99 at 1–2, 11–15.

The court finds it plausible that defense counsel's representation of the authors who named the alternative perpetrator is a circumstance in which defense counsel's judgment "reasonably may be adversely affected by the lawyer's responsibilities to or interests in a third party or the lawyer's own financial, business, property, or personal interests." D.C. R. Prof'l Conduct 1.7(b)(4). For example, there is a reasonable prospect that defense counsel's interest in defending the accuracy of the authors' article to avoid liability for defamation could influence defense counsel's advice to Defendant as to the viability of an alternative-perpetrator defense in this case or impact defense counsel's strategy if that defense were presented to the jury. *See Bayerische Motoren Werke AG v. Arigna Tech. Ltd.*, No. 23-cv-1190, 2024 WL 2864225, at *4 (D.D.C. June 6, 2024) (concluding that a waivable conflict under Rule 1.7(b)(4) arises where counsel "may have to choose between" its representation of one client and "zealously advocating" for another); *see also* ECF No. 99 at 9–

10 (describing other circumstances in which counsel's judgment may be adversely impacted by the interests of each client).

To be sure, as defense counsel point out, the interests of the civil defamation clients and Defendant here are currently, and may well remain, aligned—at least in this pretrial posture, both Defendant and the civil clients have an interest in obtaining evidence that bolsters the viability of the alternative-perpetrator theory. ECF No. 98 at 4. But Rule 1.7(b)(4) does not speak only to circumstances a lawyer's judgment has already or will certainly be adversely affected; instead, it requires informed waiver when their judgment "reasonably may be" affected by the other representation. D.C. R. Prof'l Conduct 1.7(b)(4); *see also Bayerische Motoren Werke*, 2024 WL 2864225, at *4 ("The Rule's use of the phrase 'may be' suggests that even a reasonable possibility that a lawyer's professional judgment will be affected is sufficient to create a conflict."). And courts must take precautions to safeguard a defendant's right to counsel and protect the integrity of the criminal process once upon a "plausible claim" that defense counsel's judgment may be affected. *Grimes*, 794 F.3d at 90; *see also Wheat*, 486 U.S. at 161 (recognizing that "trial courts, when alerted by objection from one of the parties, have an independent duty to ensure that criminal defendants receive a trial that is fair and does not contravene the Sixth Amendment").[1]

The court concludes the prudent and appropriate course is to appoint fully independent counsel to advise Defendant. The parties agree Defendant may waive the plausible conflict here if

---

[1] Defense counsel raise the possibility that Rule 1.7(b)(4) does not apply here because it speaks to professional judgment being adversely affected by a lawyer's responsibilities to "a third party." They say that, to them as lawyers, the civil defamation litigants are clients, not third parties. *See* ECF No. 104 at 5. That is not a sound reading of the rule. Rule 1.7(b)(4) applies to the extent their representation of Defendant "will be or reasonably may be adversely affected by" their responsibilities to or interests in the civil defamation clients, who are third parties to their representation of Defendant. D.C. R. Prof'l Conduct 1.7(b)(4); *see also* D.C. R. Prof'l Conduct 1.7 cmt. 10.

he "provides informed consent to such representation after full disclosure of the existence and nature of the possible conflict and the possible adverse consequences of such representation" and defense counsel "reasonably believes that [they] will be able to provide competent and diligent representation to each affected client." D.C. R. Prof'l Conduct 1.7(c)(1)–(2). Defense counsel ask the court to permit two co-counsel who are part of the defense team and do not represent the clients in the civil defamation case to provide such independent advice. *See* ECF No. 98 at 8. But the court finds it prudent to appoint "fully independent" counsel to advise Defendant on these issues. *See United States v. Sutton*, No. 21-cr-0598, 2021 WL 5998384, at *1 (D.D.C. Dec. 7, 2021); *see also ESC-Toy Ltd. V. Sony Interactive Entertainment LLC*, No. 21-cv-778, 2024 WL 1335079, at *8 (N.D. Cal. Mar. 27, 2024) (recognizing that "[c]o-counsel in an action can . . . impute conflicts to one another, even if co-counsel are not part of the same firm"). The court notes, for example, that defense counsel have made the representation that Defendant "is prepared to waive today" any conflict, in a brief signed by the full defense team, raising concern as to the practicality of members of the defense team now giving fully independent advice. ECF No. 98 at 7; *see Williams v. Meachum*, 948 F.2d 863, 868 (2d Cir. 1991) (recognizing that when there is a conflict, particularly one with "subtle implications" for the defendant, courts have recognized that "the safer course" is for the defendant to obtain advice from "independent counsel" rather than allow a conflicted attorney "to inform [the defendant] of the implications of the conflict"); *United States v. Iorizzo*, 786 F.2d 52, 59 (2d Cir. 1986) (recognizing possibility that defendant's choice could be tainted by "the very attorney whose capacity to act in the defendant's interest [is] under challenge").[2]

[2] The court finds no basis to support defense counsel's suggestions that the government has sought to "manufacture" a conflict or has hypothesized "mere theoretical division of loyalties." ECF No. 104 at 6, 9 (quoting *Mickens v. Taylor*, 535 U.S. 162, 171 (2002); *Wheat*, 486 U.S. at 163); *see also* ECF No. 98 at 5 (quoting *Mickens*, 535 U.S. at 171). The government expresses

For these reasons, the court orders:

- The Federal Public Defender for the District of Columbia shall promptly appoint conflicts counsel to advise Defendant as to the existence and nature of the possible conflict and the possible adverse consequences of such representation. D.C. R. Prof'l Conduct 1.7(c)(1). Conflicts counsel's advice shall include any possible conflicts under D.C. Rules of Professional Conduct 1.7(b)(2)–(4);

- Counsel for the United States and defense counsel shall promptly provide conflicts counsel with copies of all materials relevant to this appointment;

- Conflicts counsel shall review the relevant materials, meet with counsel for the United States, meet with defense counsel, meet with Defendant, and attend and participate in any future hearing with respect to the issue of attorney conflicts. By October 30, 2026, conflicts counsel shall file a status report apprising the court of their progress and proposing a timeline for fully advising Defendant consistent with this order.

AMIR H. ALI
United States District Judge

Date: October 20, 2026

concern about a plausible conflict based on specified actions defense counsel took while this case was pending.