**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cr-00001 (AHA) |
| | ) | |
| BRIAN COLE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR A BILL OF PARTICULARS AS TO COUNTS SEVEN AND EIGHT**

For Counts Seven and Eight, Mr. Cole asked for one fact: the policy or conduct of the United States Congress that the government contends he intended to influence. (Dkt. 109 ("Mot.") at 9-10.) The government's opposition (Dkt. 121 ("Opp.")) runs thirteen pages and does not supply it. The government argues instead that the D.C. Code requires no particular policy, because "any policy or conduct, at any level of generality, satisfies the statute" (Opp. at 10), and that anything more is the government's "theory of the case," to which Mr. Cole is "not entitled" (*id.* at 1, 11).

The first argument answers a question this motion does not ask. Whether Counts Seven and Eight are sufficient is a question for a motion to dismiss. Rule 7(f) asks whether Mr. Cole can understand the accusation and prepare to meet it, and on that question the breadth the government gives the intent element is the reason a bill is needed. Two judges of this Court have required the government to identify the object of elements just as open-ended: the "federally protected function" that a civil disorder obstructed under 18 U.S.C. § 231(a)(3), a term that reaches any function of any federal agency, and the "other felony" that a defendant charged under 18 U.S.C.

§ 111(a) intended to commit. *See United States v. Mostofsky*, No. 21-cr-138 (JEB), 2021 WL 3168501, at *3-4 (D.D.C. July 27, 2021) (Boasberg, J.); *United States v. Warnagiris*, 699 F. Supp. 3d 31, 51, 54-55 (D.D.C. 2023) (Friedman, J.). One of them, *Warnagiris*, held the indictment valid and ordered both particulars anyway.

The opposition also confirms that the answer is not "available in some other form." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). Before this motion, the government's position was that the policy or conduct of Congress Mr. Cole allegedly sought to influence "is available through discovery." (Dkt. 109-1 at 1.) The opposition abandons that position and offers a new account of Mr. Cole's intent instead: devices placed at the two party headquarters were "sending a message to the parties, of which almost every member of Congress is affiliated." (Opp. at 6.) But a message has *contents*. The government's point here identifies who received the message (the RNC and DNC) and whom it was meant to reach (Congress), but it never says what that message was supposed to influence Congress to do. That is the one fact the motion seeks (and one that the government must prove).

The government's account certainly gets right the basic civics lesson of how the political parties and branches of government relate to one another. But it still does not say what policy or conduct of Congress Mr. Cole intended to influence.

The answer matters now, and not only for trial. If the government's theory is that Mr. Cole attacked two private political organizations intending to influence Congress because its members belong to and depend on those organizations, Mr. Cole will ask the Court to decide whether § 22-3152(1)(B) reaches that theory, because

neither party is a "unit of government." D.C. Code § 22-3152(11). If the theory is instead the counting of electoral votes on January 6, 2021, the government must reconcile it with its April representation that the connection to January 6 was "only happenstance." (Dkt. 62 at 13.) Motions directed at either theory are due November 20, 2026. (Dkt. 115 ¶ 4.) Mr. Cole cannot decide what to file, or how to prepare for trial, until the government says which theory it is pursuing. Indeed, the government's ability to admit Rule 404(b) evidence is linked to the policy or conduct of Congress it intends to prove that Mr. Cole intended to influence. Mr. Cole is entitled to know now so that he can effectively challenge the government's Rule 404(b) evidence before trial, including by way of pretrial motions, which are due before November 20.

Worsening matters is the fact that the government officials leading this prosecution have described Mr. Cole's target to the public in terms that conflict with one another. Announcing the arrest, FBI Director Kash Patel said the offense attacked "our institutions of legislation" and "our nation's capital."[1] That night, he told Fox News that Mr. Cole "planted bombs at the United States Capitol on camera."[2]

---

1 *Attorney General Bondi, FBI Director Patel Announce Arrest in January 6 Pipe Bomb Case*, U.S. Dep't of Justice, at 02:09 (Dec. 4, 2025) (the "Arrest Press Conference"), https://www.justice.gov/opa/video/attorney-general-bondi-fbi-director-patel-announce-arrest-january-6-pipe-bomb-case; *see* Bondi and Patel Announce Pipe Bomber Arrest, Rev (Dec. 8, 2025) (transcript), https://webflow.rev.com/transcripts/bondi-and-patel-announce-pipe-bomber-arrest.

2 Michael Dorgan, *FBI Director Patel Blasts Biden Administration over Capitol Pipe Bomb Case*, Fox News (Dec. 5, 2025), https://www.foxnews.com/politics/fbi-director-suggests-sheer-incompetence-negligence-biden-admin-handling-pipe-bomb-case.

At the same press conference, U.S. Attorney Jeanine Pirro placed the devices "in the vicinity of both the RNC and the DNC" (Arrest Press Conference at 13:27), and her later descriptions point to the parties.[3] The next day she called Mr. Cole "an equal opportunity bomber" who was "disappointed to a great deal in the system, both sides of the system."[4] Three weeks later she described the case as "the attempted attack on our nation's political institutions."[5] And when the grand jury returned the first federal indictment, she justified bringing the case in federal court on the ground that Mr. Cole "targeted the political leadership of both parties."[6] Director Patel's account points to Congress but identifies no policy or conduct of Congress. U.S. Attorney Pirro's account names the two national party committees, and neither is a "unit of government." D.C. Code § 22-3152(11). Mr. Cole cites these statements only for what they show about the government's imprecise theory. In the interview in which she called him "an equal opportunity bomber," U.S. Attorney Pirro said, "my job is to

---

[3] *Arrest Press Conference, supra* note 1, at 13:27.

[4] Pierre Thomas *et al.*, *Pipe Bomb Suspect Was 'Disappointed' in 2020 Election Results, U.S. Attorney Pirro Says*, ABC News (Dec. 5, 2025), https://abc11.com/post/pipe-bomb-suspect-was-disappointed-2020-election-results-us-attorney-pirro-says/18255164/.

[5] Greg Wehner, *Feds Say Man Accused of Planting DC Pipe Bombs Confessed, Admitting He Targeted Both Parties*, Fox News (Dec. 28, 2025) (quoting Pirro's post on X), https://www.foxnews.com/us/dc-pipe-bomb-suspect-says-someone-needed-speak-up-about-stolen-election-claims.

[6] Jessica James, *Accused DC Pipe Bomber Charged in New Federal Indictment*, WJLA (Jan. 7, 2026), https://wjla.com/news/local/dc-pipe-bomber-federal-indictment-charges-brian-cole-jr-washington-explosives-january-6-capitol-riot-fbi-investigation-improvised-explosive-devices-ied-jeanine-pirro.

prove what his intent was in placing those pipe bombs."[7] The motion asks the government to do just that.

## ARGUMENT

### A. The Government's Defense of the Indictment's Legal Sufficiency Is Irrelevant.

The government's lead argument is a straw man. It says that Mr. Cole "reads an element into D.C. Code § 22-3152 that is not there," because the statute requires only an intent to influence Congress and "any policy or conduct, at any level of generality, satisfies the statute." (Opp. at 7, 10.)[8] The authorities offered by the government show what kind of point it attempts to make here. The government spends multiple pages describing the test for a sufficient indictment. (Opp. at 4-5 (citing *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014); *Hamling v. United States*, 418 U.S. 87, 117 (1974)).) The argument section rests on two decisions about what an indictment must allege to avoid dismissal, *Russell v. United States*, 369 U.S. 749 (1962), and *United States v. Williamson*, 903 F.3d 124 (D.C. Cir. 2018). (Opp. at 8, 10-11.) From there, the government concludes that Mr. Cole's motion "seeks

---

[7] Thomas *et al.*, *supra* at n.4.

[8] Mr. Cole reserves his position that § 22-3152(1)(B) requires more than the government says. (Mot. at 10.) He notes only that, in its opposition to his motion to elect, filed the same day, the government relies on a definite article to show that a statute refers to an individual item. (Opp. at 10-11.) Section 22-3152(1)(B) speaks of "the policy or conduct of a unit of government," and Counts Seven and Eight allege "the policy and conduct" of Congress. (Dkt. 106 at 4.)

specificity from the indictment that the statute at issue does not require." (*Id.* at 6.) That sentence describes every bill of particulars ever granted.[9]

Rule 7(f) does not turn on sufficiency. "The sufficiency of the indictment is not a question of whether it could have been more definite and certain"; a defendant who wants more definite information may obtain it "by requesting a bill of particulars." *Id.* at 378. A court deciding that request "focuses on whether a bill of particulars is necessary based on the Indictment *and* information otherwise available to Defendant," and "its analysis does not consider whether the Indictment, on its own, is sufficient to provide the requisite notice to Defendant." *United States v. Brown*, No. 22-cr-170 (CKK), 2024 WL 50977, at *3 (D.D.C. Jan. 4, 2024) (citation omitted and emphasis in original). The government in *Brown* also argued that the indictment was sufficient on its own, and Judge Kollar-Kotelly declined to reach the question for that reason. *Id.* Indeed, a bill *presupposes* a valid indictment, because "a bill of particulars cannot save an invalid indictment." *Russell*, 369 U.S. at 770 (citations omitted). That is why Judge Friedman, after holding a § 111(a) count valid although it did not name the "other felony" the defendant intended to commit, concluded that "the appropriate remedy in this case, which will be tried without a jury, would be a bill of particulars rather than dismissal of the indictment." *Warnagiris*, 699 F. Supp. 3d at 51 (citations omitted).

---

9 The Supreme Court also dispatched with the government's argument here over seventy years ago. A defendant who wants "more definite information" than a sufficient indictment provides "could have obtained it by requesting a bill of particulars." *United States v. Debrow*, 346 U.S. 374, 378 (1953) (citation omitted). That is what Mr. Cole seeks.

The government's own authority rejected the argument the government makes here. In *United States v. Ramirez*, 54 F. Supp. 2d 25, 30 (D.D.C. 1999), which the government cites for the rule that a bill is no device to preview its theories (Opp. at 5), the government opposed a bill because the drug-conspiracy statute did not require the indictment to plead overt acts. Judge Friedman answered that "the logic cuts the other way: A bill of particulars is all the more important in a narcotics conspiracy case because the indictment itself provides so little detail." *Ramirez*, 54 F. Supp. 2d at 30. He then required particulars "so that each defendant may understand the government's view of his alleged role in the conspiracy." *Id.* (citations omitted).

The government's reliance on *Russell* and *Williamson* (Opp. at 8, 10-11) repeats an argument Chief Judge Boasberg rejected. In *Mostofsky*, the government contended that a fact outside the statutory language must be supplied "[o]nly in the rare case" where guilt "depends so crucially upon" it. 2021 WL 3168501, at *3 (government citing *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976) (en banc)). The court found that this authority "does not hold that this is the 'only' circumstance in which additional facts *may* be required, but rather that this is a circumstance in which additional facts *must* be required." *Id.* (emphasis in original). *Williamson* is the same kind of authority. It rejected, on appeal from a conviction, a challenge to the sufficiency of an indictment under 18 U.S.C. § 115(a)(1)(B), and that indictment named the threatened officer, an FBI special agent, along with the time and place of the threat. 903 F.3d at 130-31. The opinion does not mention a bill of particulars.

On the question Rule 7(f) does ask, the government's premise works against it. Section 231(a)(3) reaches a civil disorder that obstructs "the conduct or performance of any federally protected function," and Congress defined that term as "any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof." 18 U.S.C. §§ 231(a)(3), 232(3). On the government's reasoning, the particular function would be immaterial, because any function of any agency, at any level of generality, would satisfy the statute. But in *Mostofsky*, Chief Judge Boasberg ordered the government to identify it anyway, because the defendant "should not be forced to guess which 'federally protect[ed] function' supports the count, especially considering that he may move to dismiss this charge depending on the specific accusation." 2021 WL 3168501, at *4 (citation omitted). Judge Friedman found that reasoning "persuasive" and entered the same order. *Warnagiris*, 699 F. Supp. 3d at 54. Both courts also required the government to name the "other felony" that elevates a § 111(a) offense, *Mostofsky*, 2021 WL 3168501, at *3; *Warnagiris*, 699 F. Supp. 3d at 55, an element that, like § 22-3152(1)(B), describes the defendant's intent by category and leaves the indictment to choose within it. Judge Friedman took the same approach to the "official proceeding" at issue in an obstruction count under 18 U.S.C. § 1512, ordering the government to identify it even though it was "a fair inference" which proceeding the grand jury meant. *United States v. Trie*, 21 F. Supp. 2d 7, 17, 23 (D.D.C. 1998).

The government distinguishes these decisions on the ground that "federally protected function" "had several statutory definitions." (Opp. at 10.) Not so. It has one. *See* 18 U.S.C. § 232(3). What required a bill in *Mostofsky* and *Warnagiris* was the breadth of that single definition.[10] Here, "the policy and conduct" of the United States Congress (which is not defined) is even more broad. The government's own gloss makes the point. On its reading, the element is met by an intent "to indirectly affect Congress's general, high-level goals or procedures or Congress's process of carrying on its business." (Opp. at 8.) On that reading, nearly anything Congress does would qualify. And *Mostofsky* ordered a bill of particulars even though "common knowledge regarding the events of January 6 suggest[ed] that [the] charge may well rely on an obstruction of the certification of the election." 2021 WL 3168501, at *4. Common knowledge points toward the same answer here. But unlike the government in *Mostofsky*, the government here has disclaimed it: it told this Court in April that it was "only happenstance" that the devices "sat idle until the next afternoon when the events of January 6 unfolded." (Dkt. 62 at 13.) So Mr. Cole cannot rely even on the inference the *Mostofsky* court found insufficient. If a bill was required where common knowledge supplied a likely answer, it is all the more required where the government has disavowed the likely answer and offered no other.

---

[10] The *Mostofsky* court also reasoned that identifying the function could support a motion to dismiss if the function fell outside the statutory definition. 2021 WL 3168501, at *4. Mr. Cole seeks to be able to make that same evaluation here.

### B. The Opposition Confirms That the Government's Answer Is Available Nowhere Else.

Before this motion, the government's only response to Mr. Cole's request for a bill of particulars was that "the information requested is available through discovery." (Dkt. 109-1 at 1.) Tellingly, the government does not repeat that claim here, and it does not point to anything in discovery that contains the answer. Instead, the government pivots to argue that what the defense is really after here "is the government's theory of the case." (Opp. at 12.) Information that exists only in the government's charging decision is not "available in some other form." *Butler*, 822 F.2d at 1193.

What the opposition *does* contain is a revised account of the evidence. Consider the government's positions over time.

In April, the government summarized Mr. Cole's December 4, 2025 interview for this Court in a paragraph that ended: "The defendant expressly denied that his actions were directed toward the United States Congress or related to the proceedings scheduled to take place on January 6." (Dkt. 62 at 5.) The opposition repeats most of that paragraph word for word, with additions. (Opp. at 2-3.) It adds statements in which Mr. Cole allegedly said that "politicians" and "Congress" should "address" concerns that votes were "being thrown away," taken from the opening portion of the interview, when, by the government's account, he denied involvement and said he had come to Washington for a protest, a claim the government says he "later recanted" and "admitted it was false." (*Id.* at 2-3 & n.1; Dkt. 62 at 12-13 n.4.) And where the April filing reported that Mr. Cole "expressly denied" any connection to

Congress, the Government's current opposition reports only that he simply answered "No" when asked about the "certification," while still contending that he "wanted to do something not to Congress but 'to the parties.'" (Opp. at 3.)[11] If the government's own descriptions of the interview move with the charge, the interview cannot tell Mr. Cole what the charge is.

The government then offers a theory that appears nowhere in the Indictment or anywhere else: placing the devices outside the two headquarters "is clearly sending a message to the parties, of which almost every member of Congress is affiliated and on which those members rely for policy guidance and financial assistance." (Opp. at 6.) That sentence describes a logical connection between two private political organizations and Congress. But it does not say *what* policy or conduct of Congress Mr. Cole intended the "message" to influence. It is also the fourth description of Mr. Cole's intent the government has given this Court. The first two placed his focus on the parties. (Dkt. 17 at 16-17; Dkt. 62 at 13 ("focus on the parties and not the United States Congress").) The third is the Indictment, which names Congress and nothing more. (Dkt. 106 at 4.) The fourth appears in a brief arguing that Mr. Cole is not entitled to know the government's theory. (Opp. at 12.)

None of these accounts binds the government at trial. A bill of particulars does. It is "designed to limit and define the government's case," *Brown*, 2024 WL 50977, at *2 (cleaned up), and a variance between the bill and the proof at trial can result in

[11] Mr. Cole has moved to suppress his statements (Dkt. 102), and he refers to the government's descriptions of them only to show what the government has told the Court.

reversal, *United States v. Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d 69, 80 (D.D.C. 2019) (citing *Jackson v. United States*, 359 F.2d 260, 263 n.1 (D.C. Cir. 1966)). A sentence in an opposition brief carries no such consequence.

As noted above, the government's "message" account shows why the answer matters now. If the government's theory is that Mr. Cole intended an attack on two political organizations to influence Congress because members of Congress belong to and depend on those organizations, Mr. Cole will ask the Court to decide whether § 22-3152(1)(B) reaches it. The D.C. Code defines "unit of government" by a list of eleven institutions, and neither political party is on it. D.C. Code § 22-3152(11). If the theory is instead the counting of electoral votes on January 6, 2021 (Congress's "process of carrying on its business" that day, Opp. at 8), the government must reconcile it with its April position that the connection to the January 6 certification was "only happenstance." (Dkt. 62 at 13; *see* Mot. at 7.) Beyond trial preparation, Mr. Cole needs the answer to decide what pretrial motions to bring, and the Pretrial Order sets November 20, 2026 as the deadline for those motions. (Dkt. 115 ¶ 4.) That is the circumstance in which *Mostofsky* and *Warnagiris* ordered particulars: the defendant "may move to dismiss this charge depending on the specific accusation" described in a bill. *Mostofsky*, 2021 WL 3168501, at *4; *see Warnagiris*, 699 F. Supp. 3d at 54.

### C. Identifying What Mr. Cole Allegedly Intended Clarifies the Indictment and Discloses None of the Government's Proof.

The government's second argument recasts Mr. Cole's request. Mr. Cole asked for "one fact per Count" and said that "[h]e does not ask how the government intends

to prove them." (Mot. at 9.) The opposition restates the request as one to learn "how the government intends to prove" the charges. (Opp. at 1, 6; *see id.* at 7, 12.) The policy or conduct of Congress that Mr. Cole allegedly intended to influence is part of the accusation itself. Naming it would disclose no witness and no exhibit.

The government's main authority on this point is the passage in *Mostofsky* holding that a defendant who wanted to "learn of the Government's legal position" was not seeking to "understand the charges." (Opp. at 12 (quoting 2021 WL 3168501, at *3).) That passage answered a request to say whether § 111(a) requires proof of an underlying assault, which the court called "ultimately a legal question" about the statute. 2021 WL 3168501, at *3. In the next paragraph, the court required the government to name the "other felony," finding its refusal "puzzling" and noting that the government had folded the request into "the lengthy list of requests it dismisses as concerning 'legal theories.'" *Id.* The policy or conduct Mr. Cole allegedly intended to influence is the same kind of fact as the felony that the *Mostofsky* defendant allegedly intended to commit.

The rest of the government's authorities state the same general rule, and three of the quotations it strings together appear, in the same order, in *Warnagiris*. *Compare* Opp. at 12, *with Warnagiris*, 699 F. Supp. 3d at 52-53. *Warnagiris* accepted the government's formulation in that case that a bill provides "clarification of the indictment terms or clarification of the elements of the charges against him," as opposed to details about "how the government is going to prove [its] allegations." *Warnagiris,* 699 F. Supp. 3d at 53 (citation omitted). It then ordered the government

to identify the "federally protected function" and the "other felony." *Id.* at 54-55. Mr. Cole asks for clarification of one indictment term, "the policy and conduct" of Congress, and for nothing about proof.

The government invokes the "prudent balance" between its legitimate interests and Mr. Cole's (Opp. at 5 (quoting *United States v. Manafort*, No. 17-cr-201-1 (ABJ), 2018 WL 10394893, at *1 (D.D.C. June 12, 2018))), but it places nothing on its own side of the scale. It does not claim that providing a bill of particulars would be burdensome or would expose a witness. Nor does it say that it has not yet decided the "policy and conduct" at issue. The interest the cases protect is "the government's need to avoid prematurely disclosing evidentiary matters to the extent that it will be unduly confined in presenting its evidence at trial." *Warnagiris*, 699 F. Supp. 3d at 52 (quoting *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012)). Naming the object of a charged intent discloses no evidentiary matter. And if the concern is that the government may learn something new before trial begins on February 16, 2027, the remedy for that concern is permitting the government to supplement its bill. *Concord*, 385 F. Supp. 3d at 80-81 (citation omitted).

* * *

Mr. Cole renews the request in his motion: an order directing the government to file, within fourteen days, a bill of particulars stating, separately for Count Seven and Count Eight, (1) each policy of the United States Congress that the government contends Mr. Cole intended to influence, and (2) each act, proceeding, vote, or decision of Congress that the government contends constitutes the "conduct" he intended to

influence, with its date. (Mot. at 10.) Because the Pretrial Order would otherwise require any motion directed at those particulars to be filed by November 20, 2026 (Dkt. 115 ¶ 4), Mr. Cole also asks that the Court permit him to file any such motion within fourteen days after the bill is filed.

## CONCLUSION

For the foregoing reasons, the Court should order the government to file a bill of particulars as to Counts Seven and Eight of the Third Superseding Indictment identifying the policy and the conduct of the United States Congress that it contends Mr. Cole intended to influence, and should permit Mr. Cole to file any motion directed at those particulars within fourteen days after the bill is filed.

Dated: November 2, 2026

Respectfully submitted,

*/s/ John R. Glover*

J. Alex Little
Zachary C. Lawson
John R. Glover
LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co
zack@litson.co
jr@litson.co

Bill Abely (*pro hac vice*)
LITSON PLLC
399 Boylston St, Suite 650
Boston, Massachusetts 02116
bill@litson.co

John M. Shoreman
DC Bar #407626

Mario B. Williams
Ga. Bar No. 235254 (*pro hac vice*)
HUMANITY DIGNITY AND RIGHTS
3480 Peachtree Road, NE
Atlanta, Georgia 30326
Tel: 470-257-2485
jms@mcfaddenshoreman.com
mwilliams@hdrattorneys.com

*Counsel for Brian Cole, Jr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of November, 2026, I served a copy of the foregoing on all attorneys of record via the Court's electronic filing system.

*/s/ John R. Glover*
John R. Glover