LITSON

John R. Glover
615.985.8187
jr@litson.co

September 30, 2026

**Via EMAIL**

Charles R. Jones
Jocelyn Ballantine
Stuart Allen
Assistant United States Attorneys
National Security Section
United States Attorney's Office for the District of Columbia
601 D Street, NW
Washington, D.C. 20530

**Re: *United States v. Brian J. Cole, Jr.*, No. 26-cr-0001 (AHA)**
**Rule 16 Production of the Kerkhoff iPhone 12 Mini Extraction**

Dear Counsel:

We write on behalf of Brian Cole, Jr. concerning the government's refusal to produce the GrayKey full-file-system extraction of Shauni Kerkhoff's iPhone 12 Mini (Items 1B81 and 1B83 and the AXIOM portable case). Your August 31, 2026 letter objects, at ¶¶ 8.a.i and 14, that the extraction is "not discoverable under applicable law or rule," is "not exculpatory," and is "overly private, intrusive, and irrelevant to any issue in the case." The extraction is classic Rule 16 discovery. It is a tangible object in the government's possession, collected in this investigation, and material to preparing the defense. We ask that the government reconsider before we seek relief from the Court.

## 1. Materiality Under Rule 16 Is Broader Than *Brady*.

Your objection collapses two distinct obligations. *Brady* asks whether evidence is favorable and material to guilt or punishment. But Rule 16(a)(1)(E)(i) asks something broader: whether an item in the government's possession is "material to preparing the defense." That showing "is not a heavy burden"; the item need only be capable of helping uncover admissible evidence, prepare witnesses, or assist impeachment or rebuttal. *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993); *United States v. Marshall*, 132 F.3d 63, 67–68 (D.C. Cir. 1998). It reaches inculpatory and neutral material alike. *United States v. Safavian*, 233 F.R.D. 12, 15–16 (D.D.C. 2005). "[T]he government cannot take a narrow reading of the term 'material' in making its decisions on what to disclose under Rule 16. Nor may it put itself in the

shoes of defense counsel in attempting to predict the nature of what the defense may be or what may be material to its preparation." *Id.* at 15. Whether the extraction is "exculpatory" (though we believe it is) is beside the point.

**2. The Government's Own Conduct Establishes Materiality.**

The FBI did not stumble on this device. On November 6, 2025, Ms. Kerkhoff failed a polygraph on two relevant questions asking whether she placed the pipe bombs. (Serial 15.) On November 7, the FBI named her a person of interest and opened a file on her, five days before it opened one on Mr. Cole. The FBI then obtained her consent, performed a full-file-system extraction, and tasked its DMX and CAIR units to analyze it. (Serials 40, 62, 70.) That analysis reported "minimal activity" and "no geolocation" on January 5, 2021, and the government relied on it to eliminate her, concluding that "Kerkhoff is no longer a person of interest in this investigation." (¶ 16.c.)

Despite this, even as recent as August 28, 2026, just three days before your letter, SA [redacted] re-reviewed the phone in Pathfinder and issued an electronic communication "to supplement and correct" Serial 40. (#217355.1.) The re-review found geolocation data the original examination missed, including seven geotagged photographs on January 4, 2021, the last at 9:52:18 PM, and eight on January 6, 2021, the first at 9:22:58 AM. The FBI corrected Serial 40 to state that no geolocation data appears between 9:52:18 PM on January 4 and 9:22:58 AM on January 6. The sequence matters too. The FBI re-examined this extraction because the defense asked for it, found that its original analysis was wrong, corrected the record, and then told us the extraction is "irrelevant to any issue in the case." We are entitled to the device to conduct our own forensic review.

The government cannot have it both ways. If the extraction was material enough to clear the only person of interest who failed a polygraph in this investigation (at least that the defense is aware of), and material enough to re-examine last month once the defense asked for it, it is material enough for the defense to test that conclusion. Identity is the contested element at trial, and evidence that a third party committed the offense is a direct response to the government's case-in-chief, squarely within Rule 16. *United States v. Armstrong*, 517 U.S. 456, 462 (1996); *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006). There is concrete reason to test the government's summary; the FBI has already had to correct it once. The AXIOM parse excluded the File System Events and Unified Logs, the categories that carry device-activity timestamps, before the examiner concluded there was "minimal activity," and SA [redacted] found the iPhone 12 Mini "was not the one being used during this time period." (Serials 62, 74.) The defense is entitled to the native data and the examiner's protocol so that it can check that work itself.

### 3. The Extraction Also Is Material to Ms. Kerkhoff's Conduct After She Learned She Was Under Investigation.

The government's objection assumes January 5–6, 2021 is the only window that matters. But the iPhone 12 Mini is the phone Ms. Kerkhoff carried in November 2025 when she was polygraphed, told she had failed, and interviewed twice more with Mr. Dickert. What a suspect does upon learning she is under investigation is admissible evidence of consciousness of guilt. The extraction is the single best source for that period: her searches, her communications with Mr. Dickert, what was deleted and when, the origin of the "Bella" video from Mr. Dickert's phone that surfaced as an alibi that month, and the trade-in of her January 2021 handset. Your letter confirms the FBI never sought records from Optery, NordVPN, or Instagram concerning the erasure of her public footprint. (¶¶ 8.f.i–ii.) The extraction is where those traces survive.

* * *

Nothing in Rule 16 permits the government to withhold a material item because a third party would prefer it stay private. To the extent that the government has a basis to withhold certain specific information based on particularized safety or privacy concerns, the proper course of action would be to "present those particularized safety or privacy concerns to the Court in the form of a motion to modify the protective order," not to withhold an entire category of discovery altogether. *United States v. Johnson*, 314 F. Supp. 3d 248, 254 (D.D.C. 2018).

Having already produced excerpts from this extraction, the government cannot now call the source irrelevant. Please, by **October 7, 2026**, either produce the complete extraction in native format with hash values, the AXIOM portable case, the examiner's notes and protocol, the consent form, and the chain of custody, subject to the protective order, or confirm in writing that you will not, so that we may move to compel under Rule 16(d)(2) before the next hearing. If we do not receive a response, we will consider this letter our good faith effort to resolve this discovery dispute and proceeding with filing the motion.

Sincerely,

John R. Glover

Cc: Alex Little
Zack Lawson
Bill Abely